THOMAS W. OLCOTT, Respondent, v. THOMAS B. CAR-
ROLL, Appellant.

*Pleading—Complaint—Demurrer—Interpretation.*

Where the language of a complaint is susceptible of an interpretation which
will set forth a good cause of action, that interpretation is to be accepted
rather than the one which will render the pleading invalid.

When a joint owner receives the whole money due on a joint contract, an
action will lie in the name of the other owner, for his share of the money thus
collected.

This is an appeal from a judgment of the General Term of the
Third Judicial District, affirming a judgment in favor of the
Plaintiff against the Defendant for the sum of $4,728.79, entered
upon the 31st day of March, 1863.

The Defendant demurred to the complaint, on the ground of
insufficiency. This demurrer was overruled at Special Term, and
leave given to answer within twenty days, on serving affidavit of
merits.

The Defendant appealed from this order to the General Term.
The order was affirmed, and the Defendant having failed to
answer, the judgment above mentioned was entered and affirmed
on appeal to the General Term.

The complaint alleged that on the 9th of March, 1852, for a
valuable consideration, Thurlow Weed and others executed and de-
livered to the Defendant an agreement in writing [setting it forth].
This agreement was an assignment to the Defendant of a certain
fixed interest in a certain contract with the State for the publica-
tion of the Colonial History.

It further alleges that the Defendant, on the 9th of October,
1852, for a valuable consideration, assigned by writing to George
R. Davis " one-half of all his right, title, and interest, of, in, and
to the contract of which the foregoing is a copy."

That on the 19th of February, 1861, the said Davis, in writing,

for a valuable consideration, assigned to the Plaintiff all his right, title, and interest to said contract, with all money to be derived therefrom, and empowered the Plaintiff to sue for and collect all money due said Davis by virtue of said contract, and " of the assignment by said Carroll to said Davis of one-half of his (said Carroll's) right, title, and interest, of, in, and to said contract."

It then alleges that Carroll had received from Weed & Co., " under and by virtue of their said agreement and contract with said Carroll, hereinbefore set forth, the following sums of money, stating them in detail, to the amount of $6,521.98, as and for and on account of his right, title, and interest, of, in, and to said contract, hereinbefore set forth."

It then alleges that, by virtue of the provisions of the assignment stated, the said Plaintiff is entitled to have and receive from said Carroll, and to sue for and collect from said Carroll, one-half of the sums so received by said Carroll, with interest from the time of receipt. That he had demanded them from him, and he had refused to pay over or account for the same, or any part thereof. It concludes by demanding judgment for the said Davis, and interest.

*A. Bingham* for Appellant.

*Saml. Hand* for Respondent.

BACON, J.—This appears to me to be a very simple case, and was properly disposed of at the Special Term.

The demurrer is founded on a misconception or perversion of the allegations of the complaint. When fairly construed, the complaint contains no averment that the Defendant had received certain sums of money on account of his interest in the contract, as distinguished and separate from the interest of the Plaintiff therein, and therefore setting up a claim to the half to which Defendant was entitled, and not his own.

This would be to make the claim presented by the complaint not only unreasonable, but absurd, and we are not to give a construction to language susceptible of another and a reasonable

interpretation, which would lead to such a result. When, therefore, the complaint alleges that the Defendant received certain sums of money first on account of his right, title, and interest in and to the contract therein set forth, it manifestly refers to the whole contract, and not to a partial interest therein, and this construction is confirmed and made entirely clear by the subsequent averment that the Plaintiff was entitled to have and receive from the Defendant one-half of the sum as received by him.

The statement of the case is this : The Plaintiff owned one-half of the Defendant's interest in the contract, which he had acquired by assignment from Davis, to whom Defendant assigned one-half of his interest.

On account of Defendant's interest, as distinguished from that of the other parties to the contract,—Weed and others,—Defendant had received certain sums of money, all of which, by the way, had been received before he assigned to Davis; and the one-half of these moneys, which is precisely the interest the Defendant had assigned to Davis, and Davis to the Plaintiff, the Plaintiff claims to recover in the complaint.

There is no element of partnership here in such a sense as requires an accounting, &c., a balance to be struck, or an express agreement to pay. The Defendant stands precisely in the position of one of the joint holders of a specific demand or chose in action, who receives money in the interest of or for the benefit of both, and becomes liable by a promise implied by law to pay over the share to which the other is entitled.

The judgment should be affirmed, and be absolute in not allowing to the Defendant the privilege which was accorded to him at the Special Term, to answer upon payment of costs.

WOODRUFF, J.—The only question raised by the demurrer to the complaint in this action is whether the averment—"that the Defendant has received from Weed and others, under and by virtue of their agreement with the Defendant, hereinbefore set forth, the sums of money specified as paid for and on account of his right, title, and interest of, in, and to said contract, hereinbefore

set forth "—states a fact which entitles the Plaintiff to recover from the Defendant.

The contract referred to entitled the Defendant to receive from Weed and others six per centum of certain amounts to accrue from the publication of the Colonial History. That · was his right, title, and interest in and by force of that contract.

If the allegation in question, when read in connection with the other facts of the complaint, and reasonably interpreted, means that the Defendant has received the moneys on account of and for that right, title, and interest, then the allegation is sufficient. In my opinion it may be reasonably so read. Indeed, I think that no one can read the complaint as an entire statement without so understanding it.

The expression, "his right, title, and interest," is twice before, in paragraphs immediately preceding, used in exactly the sense of the whole interest accruing to the Defendant by virtue of that contract. In the clause immediately preceding, it is stated that the Plaintiff is, by assignment from Davis, empowered to sue for and collect all moneys due to Davis by virtue of said contract, and of the assignment to Davis by the Defendant of one-half of his right, title, and interest of, in, and to said contract, and then avers "that the Defendant has received from Weed and others $500, and other specified sums, as paid for and on account of his right, title, and interest of, in, and to said contract, hereinbefore set forth."

It is an intelligible, and, I think, the most natural construction, to regard the words " hereinbefore set forth " as referring to " his right, title, and interest " before mentioned; that is to say, his right, title, and interest under the contract with Weed and others, whereof one-half had been assigned by the Defendant to Davis, and by him to the Plaintiff.

The language is clearly susceptible of this interpretation, and if so, that interpretation should be given in preference to one which leads to the absurdity of construing the complaint as an averment that the Defendant has received moneys exclusively his own, in which the Plaintiff has no interest.

If the allegation admits of the latter interpretation, it may be said to be ambiguous, and that is all.

It is not true that, under the Code, if there be uncertainty in respect to the nature of the charge, it is to be construed strictly against the pleader.

By § 159, in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice; and by § 160, when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge is not apparent, the Court may require the pleading to be made definite and certain by amendment.

I think the demurrer was properly overruled, and that the judgment should be affirmed.

All affirm.