Hyatt, J.
The question presented by this appeal is, as to-whether the demurrer to the affirmative defense was properly sustained; the defense is tender, which, it is true, admits the-plaintiff’s cause of action (82 N. Y., 577). The plaintiffs urge-that this tender was made before the demand and refusal sued on, and as such it cannot avail as a defense.
I am of the opinion, from an examination of the pleadings, that there was only one demand ever made upon the defendant, and that it was the one described in the complaint as on or about. June 8th, 1886, and in the answer as on or about June 3d,. 1886. A fair interpretation of the pleading in view of all the circumstances surrounding the contention is, that the 3d of June may fairly be taken as on or about the 8th of June, and vice versa. The complaint and answer allude to the same identical *903 demand. The answer expressly denies that on or about June, the 8th, 1886, or at any other time, the repayment of the money claimed was refused, thus, upon that point, distinctly raising an issue of fact.
The demand is admitted, but refusal to pay denied and tender specifically alleged.
It appears that the defendant has at all times been ready prior to a'nd since the commencement of this action to refund the deposit to the plaintiffs, and if upon demand the defendant made a tender which was good in law, and has always been kept open, and was upon the commencement of this action brought into court, it seems obvious to me, that thejaurpose of this action, is simply one for costs, and is without such merit as wo'uld entitle it to the assistance of this court, in straining the point as to whether or not the demand and refusal sued upon was made on June 8th, 1886, and as to whether or not the alleged tender was made on June Bd, 1886, or on or about that day.
I do not think that it was necessary to allege that the tender was kept good on the day of the alleged subsequent demand, for the reason before stated, that the subsequent demand was denied, and that all the facts and circumstances tend to show that the defendant has made a tender and has always kept it open.
If my conclusion as matter of fact is error, yet I am of the opinion that it is well settled law, that where a pleading is to be construed, a restricted meaning will not be given of words susceptible of more liberal construction, especially if the latter is necessary to a defense on the merits. Clare v. Bank, 14 Abb. N. S., 326; Alcott v. Carroll, 39 N. Y., 436, Code Civ. Pro. Sec. 519.
Upon the question of the validity of the tender,, it appears that it was made by check drawn to the order of Murphy and Power, and that the party making the demand stated that he wished the check made to Stephen J. Murphy or order ; as the firm of Murphy and Power had been dissolved, and a receiver had been appointed, the purpose of Mr. Murphy is very obvious ; he did not wish the money to fall into the hands of the receiver. .
.The objection, that the check was nota legal tender, was waived, as it was not refused on that ground.
The case of Duffy v. O'Donovan (46 N. Y., 223) is controlling upon this point; the case at bar is clearly within its ruling.
The amount of interest included in the tender may or may not be correct, but it is a fair inference that the plaintiffs admitted that it was correct, for they made no objection on that point: the plaintiff, Murphy, objecting solely that the check should be drawn to his order, and. not to.the joint order of his partner and himself, constituting the copartnership making the original deposit tendered by the defendant.
*904 Qui tacet consentiri videtur. If they had objected, the místate, if any, could have been corrected.
The judgment entered upon the order sustaining the demurrer to the answer should be reversed, with costs to the appellant to abide the event, and the demurrer overruled with costs.
Hall and Ehrlich, J J., concur.