## LESSER v. BRADFORD REALTY CO.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

1. PLEADING—DEMURRER—DETERMINATION—PRESUMPTION.

When a pleading is attacked by demurrer on the ground that it does not state facts sufficient to constitute a cause of action, all facts stated will be held true, and all facts that can be implied from the allegations by reasonable intendment will also be held to be stated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 555, 556, 526.]

2. BANKRUPTCY—PREFERENTIAL TRANSFERS—ACTION BY TRUSTEE—COMPLAINT—SUFFICIENCY.

Act July 1, 1898, c. 541, § 60, subds. "a," "b," 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], provide that a bankrupt shall be deemed to have given a preference if under certain circumstances he has made a transfer, the enforcement of which will enable any creditor to obtain a greater percentage, etc. A trustee's complaint to set aside such a transfer alleged that the bill of sale and agreement "were intended to and did create a preference in favor of defendant * * * and thereby secured to it a greater percentage of its debt," etc. Held a sufficient allegation that the "enforcement" of the transfer would enable defendant to obtain a greater percentage of its debt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 456.]

3. SAME.

A complaint by a trustee, setting out facts showing that a transfer by a bankrupt was in violation of Act July 1, 1898, c. 541, § 60, subds. "a," "b," 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], declaring a preferential transfer by a bankrupt voidable by a trustee, and which asks that such transfer be therefore declared void, need not specifically allege that such transfer was voidable by the trustee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 456.]

4. SAME.

In such a complaint, allegations of the filing of the petition in bankruptcy, of the adjudication that the grantor was a bankrupt, of the demand of the trustee for possession of the property, and the grantee's refusal to deliver it, sufficiently show plaintiff's interest.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 456.]

5. CHATTEL MORTGAGES—FAILURE TO RECORD—ACTION BY TRUSTEE IN BANKRUPTCY—COMPLAINT—SUFFICIENCY.

Laws 1897, p. 514, c. 418, as amended by Laws 1900, p. 499, c. 248, provide that a chattel mortgage under which the property does not immediately pass shall be void as against creditors "unless the mortgage or a

true copy thereof is filed" as directed. A complaint by a trustee in bankruptcy attacking a chattel mortgage alleged that it was "not filed pursuant to the laws of the state of New York," etc. *Held* a sufficient allegation that neither the mortgage nor a copy was filed.

6. BANKRUPTCY—ACTION BY TRUSTEE—SETTING ASIDE TRANSFER—LAW OR EQUITY.

An action by a trustee in bankruptcy asking that a certain bill of sale by the bankrupt be declared a mortgage, and that a subsequent confirming bill of sale be set aside as preferential and void as to the trustee, was properly brought in equity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 446.]

Appeal from Special Term, New York County.

Action by William Lesser, as trustee of the estate of William F. Bang, a bankrupt, against the Bradford Realty Company. From a interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed, with leave to serve answer.

See 95 N. Y. Supp. 933.

Argued before McLAUGHLIN, INGRAHAM, HOUGHTON, CLARKE, and SCOTT, JJ.

George P. Fall, for appellant.
James F. McNaboe, for respondent.

McLAUGHLIN, J. The defendant appeals from an interlocutory judgment overruling a demurrer to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action. The action is brought to set aside the transfer of certain personal property of one Bang, a bankrupt, upon the ground that it was in violation of subdivisions "a" and "b" of section 60 of the United States Bankruptcy Act, Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]. Those provisions provide, in substance, that a person shall be deemed to have given a preference, if, being insolvent he has, within four months before the filing of the petition, or after the filing of the petition and before adjudication, made a transfer of any of his property, and the effect of the enforcement of such transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class, and if such preference be given, and the person receiving it or to be benefited, shall have reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, who may recover the property or its value from such person.

When the validity of a pleading is challenged by demurrer upon the ground that it does not state facts sufficient to constitute a cause of action, all facts stated will be held to be true, and it will also be held to state all facts that can be implied from the allegation by reasonable and fair intendment. Sage v. Culver, 147 N. Y. 241, 41 N. E. 513. When this rule is applied to the allegations of the complaint here under review, I am of the opinion that it states a cause of action.

The complaint alleges that the petition in bankruptcy was filed on the 1st of December, 1903, and on the 15th of March, 1904, plaintiff was appointed trustee; that on the 15th of May, 1903, Bang owed debts to various creditors amounting to $40,000; that on the date last men-

tioned Bang was the owner and in possession of certain personal property in a hotel named, consisting of linen, furniture, silverware, bedding, etc., of the value of $30,000; that he then made an alleged bill of sale of the same to the defendant, which was intended to and did operate as a mortgage, and at the same time he entered into an agreement with the defendant relative to the making and delivery of three promissory notes amounting in the aggregate to $10,000; that on the 23d of November, 1903, he made an alleged bill of sale to the defendant, which purported to be confirmatory of the prior agreement. Then follow allegations that there was no consideration given or received for the alleged bill of sale or agreement of May 15, 1903; that there was no delivery of the property to the defendant until about November 23, 1903, and that the agreement of May 15th was not filed pursuant to the laws of the state of New York in the office of the register of the county of New York until after November 15, 1903; that possession of the property was not taken by the defendant until the 23d of November, which filing and taking possession were within four months next preceding the filing of the petition in bankruptcy. It then alleges that at the time of the execution and delivery of the alleged bill of sale and agreement, and at the time defendant took possession of the property named, Bang was insolvent within the meaning of the United States bankruptcy act; that the defendant, at the time of the filing of such alleged bill of sale, had reasonable cause to believe he was insolvent; that said bill of sale and agreement were intended to and did create a preference in favor of the defendant and "thereby secure to it a greater percentage of its debt than that of any other creditor of the same class"; that prior to the commencement of the action plaintiff had demanded in writing of the defendant all of the property covered by the alleged bill of sale, and defendant had refused to comply with the request.

This complaint is criticised in several respects:

(1) It is urged that there is no allegation in it to the effect that the enforcement of the transfer will be to enable the defendant to obtain a greater percentage of its debt than any other creditor of the same class. But this is fairly to be inferred from what is alleged, viz., "said alleged bill of sale and agreement were intended to and did create a preference in favor of the defendant, * * * and thereby secure to it a greater percentage of its debt than that of any other creditor of the same class." It was unnecessary for the pleader to use the exact words of the statute. All that was necessary was to set out facts showing a violation.

(2) The complaint does not contain an allegation to the effect that the transfer complained of is voidable by the plaintiff as trustee of the bankrupt. It is unnecessary to allege that specifically, when facts are set out showing that the transfer is voidable, and by reason of that fact judgment is asked declaring it void.

(3) Criticism is also made because the plaintiff does not allege facts sufficient to show title in himself to the property transferred. The answer to this is that facts are stated showing the unlawful preference —the filing of the petition in bankruptcy and the adjudication of Bang

a bankrupt, the demand of the trustee for possession of the property transferred, and defendant's refusal to deliver it. This sufficiently shows plaintiff's interest.

(4) The complaint is also claimed to be defective because there is no allegation in it to the effect that defendant did not comply with the statute as to the filing of the alleged mortgage within four months of the filing of the petition in bankruptcy. The statute in relation to filing of chattel mortgages provides that every mortgage or conveyance intended to operate as a mortgage of personal property, which is not accompanied by immediate delivery and followed by an actual and continued change of possession, is absolutely void as against the creditors of the mortgagor and purchasers in good faith, unless the mortgage or a true copy thereof is filed as directed. Chapter 418, p. 514, Laws 1897, as amended by chapter 248, p. 499, Laws 1900. The objection here made is that it cannot be said from the allegations of the complaint that the defendant had not complied with the statute by filing a copy. I think this is to be fairly inferred from what is alleged. The allegation is "that said alleged bill of sale of May 15, 1903, and the said agreement of May 15, 1903, were not filed pursuant to the laws of the state of New York in the office of the register of the county of New York until after November 15, 1903." This allegation is sufficient to admit proof that neither the original nor a copy was filed.

Finally, it is claimed that the action cannot be maintained because it is in equity instead of at law. I am of the opinion that the action is properly brought in equity. Plaintiff alleges that the agreement of May 15, 1903, while in form a bill of sale, was intended to and in fact did operate as a mortgage, and he asks that it be so adjudged. Such adjudication necessarily requires the exercise of the equitable powers of the court. The rule now seems to be well settled that whenever it is necessary, in an action of this character, to set aside a written instrument to enable the trustee to reclaim property unlawfully transferred, the action must be brought in equity, and not at law. Houghton v. Stiner, 92 App. Div. 171, 87 N. Y. Supp. 10; Dyer v. Kratzenstein, 103 App. Div. 404, 92 N. Y. Supp. 1012; Vollkommer v. Frank, 107 App. Div. 594, 95 N. Y. Supp. 324; Bryan v. Madden, 109 App. Div. 876, 96 N. Y. Supp. 465.

It follows that the judgment appealed from is right and should be affirmed with costs, with leave to the defendant to withdraw its demurrer and serve an answer on payment of the costs in this court and in the court below. All concur.