provision respecting an action to redeem, and it was held that section 97, the general section prescribing the period of 10 years, applied (Hubbell v. Sibley, supra) ; and, of course, said section 379 of the Code of Civil Procedure was intended to restore the old rule. The word "adverse" must, therefore, be given a meaning consistent with the intent and purpose of the section, and can only require that the mortgagee be in possession rightfully as such.

The judgment should be affirmed, with costs. All concur.

(119 App. Div. 127)

### VALENTE v. INTERNATIONAL MILLING CO.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

CORPORATIONS—CONTRACTS—EXECUTION—SUFFICIENCY.

A simple contract, signed by the president and vice president of a corporation, although not in their representative capacity, but reciting in the body of the instrument that they were acting in the capacity of such officers, and that their act in entering into the contract was "on the exclusive account" of the corporation, which act they had been legally authorized to perform, was admissible in evidence in an action against the corporation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 1796–1799.]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Alessandro Valente against the International Milling Company. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Samuel Wechsler, for appellant.
John MacGregor, for respondent.

PER CURIAM. The plaintiff sues the defendant corporation for salary, claiming under a contract with it. The trial court excluded the contract, because it was not the contract of the corporation. It was signed by the president and the vice president of defendant, although not in their representative capacity. In the body of the instrument it was, however, recited that they were acting in the capacity of the president and vice president of the defendant, and .that their act in entering into the contract was "on the exclusive account" of the defendant, which act they had been legally authorized to perform. The contract should have been received in evidence. The agreement was a simple contract, and did not require the corporate seal.

The judgment should be reversed, and a new trial ordered; costs to abide the event.

(119 App. Div. 24)

### NAYLOR et al. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

NAVIGABLE WATERS—RIPARIAN RIGHTS—ACTION TO ESTABLISH—COMPLAINT.

The complaint in an action to establish riparian rights on the Hudson river, alleging that S., owning lands abutting on the river, which were uplands, received a grant of lands under water from the Commis-

sioners of the Land Office, which became absolute in him; that he used all the lands as one parcel, which abutted on the river; that he "duly conveyed to the Hudson River Railroad Company by deed" a piece of land which comprised said land under water, together with a portion of said uplands; that said lands so conveyed "are now owned and occupied by the New York Central & Hudson River Railroad Company, the defendant"; that by mesne conveyances plaintiffs are the owners of the premises, which are the uplands of the Hudson river, which, but for the premises purchased by defendant from S. as aforesaid, would abut on and be bounded by the waters thereof; that by reason thereof plaintiffs are still riparian owners; that the lands so sold by S., and now owned and occupied by defendant, "are used solely for railroad purposes, and for the construction, management, and operation of its railroad and structures thereon, and for no other purposes whatsoever"; that by reason of the premises, and the fact that plaintiffs are the owners of premises which would be uplands, but for the said strip so owned and occupied by defendant, the right of defendant to construct, manage, operate, and maintain its road is subject to the riparian rights of plaintiffs to cross and recross for access to the river; and that defendant has made and maintains certain constructions on its land thus owned by it, which prevent plaintiffs from crossing—is good as against a demurrer on the ground that it does not state facts to constitute a cause of action.

Appeal from Special Term, Westchester County.

Action by George Naylor and another against the New York Central & Hudson River Railroad Company. From an interlocutory judgment, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

George H. Walker, for appellant.
Nathan P. Bushnell, for respondents.

JENKS, J.    I advise affirmance.    The action is to establish riparian rights on the Hudson river.    The appeal is from an interlocutory judgment overruling a demurrer that the complaint does not state facts sufficient to constitute a cause of action.    The plaintiffs complain that in 1838 Isaac Seymour and two others were tenants in common of land abutting on the Hudson river, which were uplands; that as such owners they received in that year a grant of land under water from the Commissioners of the Land Office, which became absolute in them upon their compliance with the conditions thereof; that thereafter, and in 1848, Seymour, who had become sole owner, used all the lands as one parcel, which abutted on the river; that in that year Seymour "duly conveyed to the Hudson River Railroad Company by deed" a certain piece of land, which comprised the land under water theretofore granted by the said commissioners, together with a portion of the said uplands; and on information and belief that the said lands so conveyed to said company "are now owned and occupied by the New York Central & Hudson River Railroad Company, the defendant."    Plaintiffs complain that in 1868 the defendant conveyed back to David Seymour, who had become owner of the original parcel, an additional strip on the easterly line of the property theretofore conveyed by Isaac Seymour to the defendant, and that by mesne conveyances the plaintiffs now are the owners in fee of such parcel, so that the plaintiffs are the owners of the premises, which are the up-

lands of the Hudson river, "which, but for the premises purchased by the said·New York Central & Hudson River Railroad from Isaac Seymour as aforesaid, would abut upon and be bounded by the waters" thereof, and that by reason thereof the plaintiffs are still riparian owners. Plaintiffs complain that the land so sold by Isaac ·Seymour and now owned and· occupied by the defendant "are used solely for railroad purposes, and for the construction, management, and operation of its railroad and structures thereon, and for no other purpose whatsoever"; that, by reason of the premises and the fact that the plaintiffs are the owners of lands which would be uplands, but for the said strips so owned and occupied by the defendant, the right of the defendant to construct, manage, operate, and maintain its railroad is subject to the riparian rights of the plaintiffs to cross and to recross for access to the river for navigation, fishing, and other uses incident to such ownership, including the right of passage to any landing, wharf, or port which lawfully has been or may be made by plaintiffs; that the defendant company "have constructed upon their land thus owned by them, and maintain thereupon for the uses of their road, certain tracks, with high projecting rails, ties, switches, and turntables, which prevent plaintiffs from crossing" the land, to the impairment of their riparian rights; and that defendant denies to the plaintiffs the exercise of such or any riparian rights.

The defendant to sustain its demurrer submits:

First. That the charter of the Hudson River Railroad Company provides (Laws 1846, p. 275, c. 216, § 9) that:

"The said corporation is hereby empowered to purchase, receive and hold, in fee simple, such real estate and other property as may be necessary in accomplishing the objects for which this corporation is granted, and may also receive, hold and take such voluntary grants and donations of real estate and other property as shall be made to the said corporation, to aid in the construction, maintenance and accommodation of said railroad and ways, which real estate shall be held and used for those purposes only."

This section was amended by chapter 30, p. 39, of the Laws of 1848, by inserting the words "which voluntary grants and donations," before the last words of the section, "shall be held and used for these purposes only." And the defendant then points out that there is no allegation in the complaint that the lands were acquired for the construction, maintenance, and accommodation of said railroad, or that they were acquired by voluntary grant; but the allegations are that the lands were duly conveyed to said railroad company, and are used for railroad purposes, and for the construction, management, and operation of the railroad and structures thereon, and insists that this is not an.allegation of the conveyance of a strip of land for·the purposes of a right of way under the voluntary grant clause of said charter, but an allegation of the purchase by the company of that parcel of land; and that the defendant has the right to use this land for all railroad purposes, and to build docks thereon, if it should so desire, in aid of railroad purposes.

Second. That the plaintiffs are not riparian owners, in that their lands are not adjacent to and are not bounded by the river.

Such alleged rights cannot be resolved in favor of the plaintiffs simply because the defendant owns and uses lands as a railroad corporation, nor in favor of the defendant because the lands were conveyed to it and are held by it in fee. The railroad corporation could purchase, hold, and use lands to the exclusion of such riparian rights. Matter of N. Y. C. & H. R. R. R. Co., 77 N. Y. 248; Wetmore v. Atlantic White Lead Co., 37 Barb. (N. Y.) 70, 94. And yet a grantor of lands may not have divested himself of his riparian rights. Rumsey v. N. Y. & N. E. R. R. Co., 114 N. Y. 423, 21 N. E. 1066; N. Y. C. & H. R. R. R. Co. v. Aldridge, 135 N. Y. 95, 32 N. E. 50, 17 L. R. A. 516; Saunders v. N. Y. C. & H. R. R. R. Co., 144 N. Y. 95, 38 N. E. 992, 26 L. R. A. 378, 43 Am. St. Rep. 729, and concurring opinion by Peckham, J., at page 90 of 144 N. Y., at page 996 of 38 N. E. (26 L. R. A. 378, 43 Am. St. Rep. 729). On the other hand the mere allegation of a conveyance of the lands so that the defendant held them in fee is not conclusive against the existence of such riparian rights. Rumsey's Case and Aldridge's Case, supra. Without intending to indicate any rule for this case, I suggest that there may well be a manifest and radical difference, so far as riparian rights are concerned, between land held in fee and used solely for the roadway of a defendant corporation, and land held in fee and used by such corporation for other and legitimate purposes which would be incompatible with the existence and exercise of such rights as are asserted by the plaintiffs.

The sole question which I shall decide is whether the complaint stands against this demurrer. In Coatsworth v. Lehigh Valley R. Co., 156 N. Y. 457, 51 N. E. 302, the court, per Martin, J., say:

"The facts stated are admitted by the demurrer. Hence the only question is whether a cause of action is alleged, or can be fairly gathered from all the averments contained in the complaint. A demurrer upon that ground can be sustained only when it appears that, after admitting all the facts alleged or that can by reasonable and fair intendment be implied from them, the complaint fails to state a cause of action. Marie v. Garrison, 83 N. Y. 14; Sanders v. Soutter, 126 N. Y. 195, 27 N. E. 263. Under the more recent authorities, pleadings are not to be construed strictly against the pleader; but averments which sufficiently point out the nature of the pleader's claims are sufficient, if under them he would be entitled to give the necessary evidence to establish his cause of action. Rochester Ry. Co. v. Robinson, 133 N. Y. 242, 246, 30 N. E. 1008."

If the reasonable import of a complaint is a cause of action, a demurrer does not lie because the language of the complaint permits an exclusion of such cause of action. Olcott v. Carroll, 39 N. Y. 436; Ketchum v. Van Dusen, 11 App. Div. 332, 42 N. Y. Supp. 1112.

Within these rules I think the complaint is sufficient to demand an answer, and I have therefore advised affirmance of this judgment, with costs. All concur.