HIRSCH et al. v. NEW ENGLAND NAVIGATION CO. et al.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. ACTION (§ 50*)—CAUSES OF ACTION—MISJOINDER.

Plaintiffs alleged a delivery of certain goods intended for transportation from New York to Boston to defendants F., who were truckmen in New York, to convey from plaintiffs' store to the wharf of defendant navigation company in New York, which company was to convey the goods to Boston and deliver them to the consignee; that the goods were not delivered by defendants, who were common carriers; and that through their default and omission plaintiffs have sustained damages, etc. *Held* that, if the goods were lost while in the custody of defendants F., a good cause of action was stated against them, while, if they were lost while in the custody of the navigation company, the complaint stated a cause of action against it, but, as neither was responsible for a loss caused by the other, there was a misjoinder of causes of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–513; Dec. Dig. § 50.*]

2. CARRIERS (§ 24*)—INTERSTATE COMMERCE ACT—APPLICATION—TRUCKMEN.

Under Interstate Commerce Act (Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154]) § 1, as amended by Act June 29, 1906, c. 3591, 34 Stat. 584 (U. S. Comp. St. Supp. 1907, p. 892), providing that the act applies to any common carrier or carriers engaged in the transportation of passengers or property wholly by railroad, or partly by railroad and partly by water, when both are used under a common control, etc., for a continuous carriage or interstate shipment, the act does not apply to a truckman in a city, so as to make him responsible for the loss of goods shipped from one state to another on the theory that he was the initial carrier, when his engagement was only to haul the goods from the store to the dock or depot as an independent employment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 60–66; Dec. Dig. § 24.*]

McLaughlin, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Robert .B. Hirsch and others doing business under the name of William Oppenhym & Sons, against the New England Navigation Company and others. From an interlocutory judgment sustaining a demurrer by defendants Ferguson to the complaint, plaintiffs appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Tipple & Plitt, for appellants.

Henry C. Hunter, for respondents Ferguson.

CLARKE, J. The complaint alleges that the New England Navigation Company, one of the defendants, was a foreign corporation engaged in the carrying and transporting of goods as a common carrier for hire, and operating the Bridgeport, New Haven, Norwich, and Providence Lines, and the Fall River & New Bedford Line; that the defendants Ferguson were copartners engaged in the trucking and express business, and the carrying and transporting of goods, wares, and merchandise for hire, in and about the borough of Manhattan, city and state of New York, as a common carrier for hire; that the plaintiffs, in the borough of Manhattan, delivered to defendants above named one case of goods, consigned to Jordan Marsh Company, Boston, Mass., which said defendants accepted as such common carriers for the purpose of carrying and delivering to said consignee for and in consideration of a reasonable reward to be paid therefor; that said defendants have wholly failed and omitted to deliver the said case of goods to said consignee; that by reason of said defendants' default and omission said consignee has sustained damages in the sum of $558.60; that said consignee, for valuable consideration, duly assigned all its right, title, and interest in and to the claim upon which this action is founded to the plaintiffs.

Defendants Ferguson demurred, first, on the ground that the complaint did not state facts sufficient to constitute a cause of action against them; second, that it appeared upon the face of said complaint that causes of action had been improperly united therein, because the complaint alleges that these defendants were engaged in the trucking and express business, and the carrying and transportation of goods, wares, and merchandise, in and about the borough of Manhattan, city and state of New York, as a common carrier for hire, and that, assuming the truth of the other allegations of the complaint, a cause of action against the defendant the New England Navigation Company is disclosed, which excludes the possibility of the joinder therewith and the existence of any cause of action against F. S. Ferguson & Son.

From the terms of this complaint it is evident that this transaction upon which plaintiffs base their claim is this: That, having a case of goods to send to their consignee in Boston, they delivered it to the defendants Ferguson, truckmen in the city of New York, to convey from their store to the wharf of the New England Navigation Company in the city of New York, which company was to convey it to Boston and deliver to the Jordan Marsh Company, that the goods were not

delivered, and that plaintiffs have endeavored, by joining the truck-men and the Navigation Company as defendants, to determine who was responsible for the failure to deliver, and to charge the defendant so responsible with the damages occasioned. If the goods were lost while in the custody of the Fergusons, a good cause of action is stated against them; for it is alleged that the goods were delivered to them, consigned to Jordan Marsh Company, and they accepted the same for the purpose of carrying and delivering them to said consignee for and in consideration of a reasonable reward to be paid therefor. If the goods were lost while in the custody of the New England Nav-igation Company, a good cause of action is stated against that com-pany; for the allegation of delivery to it could be sustained by the proof that the truckmen, as agents of the plaintiffs, delivered the goods to the Navigation Company. I think it appears, therefore, that two distinct causes of action are set up in the complaint—one against the truckmen, and the other against the Navigation Company. I do not think that they can be properly united in one action, because neither defendant would be responsible for a loss caused while the goods were in the custody of the other.

The appellants invoke in their aid the provisions of section 20 of the interstate commerce act (Act Feb. 4, 1887, c. 104, 24 Stat. 386 [U. S. Comp. St. 1901, p. 3169]), as amended by act June 29, 1906, c. 3591, 34 Stat. 595 (U. S. Comp. St. Supp. 1907, p. 909), providing that:

"Any common carrier, railroad or transportation company receiving prop-erty for transportation from a point in one state to a point in another state shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it or by any common carrier, railroad or transportation company to which such property may be delivered or over whose line or lines such property may pass."

But the first section of said act provides that:

"The provisions of this act shall apply * * * to any common carrier or carriers engaged in the transportation of passengers or property wholly by railroad (or partly by railroad and partly by water when both are used under a common control, management or arrangement for a continuous carriage or shipment), from one state or territory of the United States, or the District of Columbia, to any other state or territory of the United States or the District of Columbia. * * * "

It cannot be that the provisions of the interstate commerce act affect a truckman in a city and hold him responsible for goods lost anywhere in the United States, upon the theory that he was the initial carrier, when all he had to do was to cart the goods from the store to the dock or the depot as an independent employment.

The interlocutory judgment appealed from should therefore be af-firmed, with costs to the respondents, with leave, however, to the ap-pellants, upon payment thereof and within 20 days after service of no-tice of entry of judgment herein, to serve an amended complaint.

PATTERSON, P. J., and INGRAHAM and HOUGHTON, JJ., concur.

McLAUGHLIN, J. (dissenting). The defendants Ferguson & Son demurred to the complaint upon the grounds (1) that it did not state

facts sufficient to constitute a cause of action against them, and (2) that causes of action were improperly united. The demurrer was sustained upon the first ground, and this court is about to affirm the judgment upon the second ground.

Irrespective of the question whether an interlocutory judgment sustaining a demurrer upon the ground that the complaint does not state a cause of action can be sustained on appeal upon the ground that causes of action have been improperly united, I am of the opinion that neither ground of demurrer is good. When the validity of a pleading is challenged, the allegations therein are not to be construed strictly against the pleader. Rochester Ry. Co. v. Robinson, 133 N. Y. 242, 30 N. E. 1008. "If the reasonable import of a complaint is a cause of action, a demurrer does not lie because the language of the complaint permits an exclusion of such cause of action." Olcott v. Carroll, 39 N. Y. 436; Naylor v. N. Y. C. & H. R. R. Co., 119 App. Div. 24, 103 N. Y. Supp. 966; Ketchum v. Van Dusen, 11 App. Div. 332, 42 N. Y. Supp. 1112. The facts stated are not only admitted by the demurrer, but also all facts which can be implied from the allegations by reasonable and fair intendment. Coatsworth v. Lehigh Valley R. R. Co., 156 N. Y. 451, 51 N. E. 301; Sanders v. Soutter, 126 N. Y. 195, 27 N. E. 263; Lesser v. Bradford Realty Co., 116 App. Div. 212, 101 N. Y. Supp. 571.

The complaint, after charging that the defendant the New England Navigation Company was "engaged in the carrying and transporting of goods, wares, and merchandise as a common carrier for hire, and operating the Bridgeport, New Haven, Norwich, and Providence Lines, and the Fall River & New Bedford Lines," and that the defendants Ferguson & Son were "engaged in the trucking and express business, and the carrying and transporting of goods, wares, and merchandise for hire, in and about the borough of Manhattan, city and state of New York, as a common carrier for hire," alleged:

"Fourth. That heretofore, and on or about the 26th day of December, 1906, plaintiffs above named, in the borough of Manhattan, city and state of New York, delivered to defendants above named one case of goods, wares, and merchandise, * * * properly packed, marked, and consigned to Jordan Marsh Company, Boston, Mass., which said defendants accepted as such common carriers for the purposes of carrying and delivering them to said consignee for and in consideration of a reasonable reward to be paid therefor.

"Fifth. That said defendants have wholly failed and omitted to deliver the said case of goods, wares, and merchandise to said consignee, although due demand has been made therefor, and said defendants now refuse to deliver the same."

Then follows an allegation "that by reason of said defendants' default and omission as hereinbefore alleged" plaintiffs have been damaged, etc. Assuming, as we must under the authorities cited, that these allegations are true, then the agreement was made, not with one defendant, but with both, and the case of goods was delivered, not to one, but to both: and, if this be true, then a good cause of action is alleged against both defendants. It was a joint obligation and for a failure to perform both are jointly liable.

Nor do I think there is more than one cause of action alleged. The only agreement under which the goods were delivered for transporta-

tion is that set out in the fourth paragraph of the complaint above quoted. The fact that Ferguson & Son did business in the borough of Manhattan and the navigation company at the other places stated in no way prevented their entering into a joint contract to transport goods for hire from the city of New York to Boston. The fourth paragraph of the complaint, it will be observed, alleges that the plaintiffs "delivered to defendants" the goods in question, "which said defendants accepted * * * for the purpose of carrying and delivering them to said consignee." The prevailing opinion proceeds upon what seems to me to be an erroneous and unwarranted assumption, viz., that separate contracts were made with the defendants Ferguson & Son and the New England Navigation Company. Such assumption is erroneous, because no such fact is pleaded, and it cannot be assumed for the purpose of destroying the contract which is pleaded. It is unwarranted, because there are no allegations in the complaint from which such fact can be inferred.

The demurrer was sustained upon the ground that the complaint does not state facts sufficient to constitute a cause of action against Ferguson & Son. This is all that the Special Term decided. This is all the judgment determines. The Special Term, as appears from its decision and judgment, did not pass upon the question of whether causes of action were improperly united. Until it has done so, this court has no right to determine that question. Matter of Fitzsimons, 174 N. Y. 15, 66 N. E. 554; Matter of Chapman, 162 N. Y. 456, 56 N. E. 994. It is not here for consideration. All that the appeal brings up is whether the complaint states facts sufficient to constitute a cause of action against the respondents, and we cannot affirm a judgment that it does not state such facts upon the ground that causes of action have been improperly united.

I am of the opinion that the judgment appealed from should be reversed, with leave to the respondents to withdraw their demurrer and answer, on payment of the costs in this court and in the court below.