### DAHLSTROM v. GEMUNDER et al.

(Supreme Court, Appellate Division, First Department.    June 11, 1909.)

1. JUDGMENT (§ 615*) — BAR OF CAUSES — EXTINGUISHMENT BY ONE SATISFACTION.

Where a person bought a violin, relying upon warranties of both the owner and his agents, who represented themselves as having knowledge of different makes, he had separate causes of action against the owner and the agents for breach of the warranties; and while a recovery in either action of the full damages sustained would have been a complete defense to the other action, he, having compromised in an action against the owner for less than the full damages, was not precluded from suing the agents for the balance.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1088; Dec. Dig. § 615.*]

2. EVIDENCE (§ 208*)—ADMISSIONS—PLEADINGS IN ANOTHER CASE.

A pleading in the action against the owner, alleging that the buyer relied solely upon the owner's representations, introduced in the action against the agents, was at most an admission of what the buyer there stated, and was not conclusive against him, but could be explained or rebutted.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 714; Dec. Dig. § 208.*]

Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by Carl A. Dahlstrom against August M. Gemunder and another. From an order granting judgment on the pleadings, plaintiff appeals. Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Edward A. Alexander, for appellant.
John T. McGovern, for respondents.

McLAUGHLIN, J.    This action was brought to recover damages for the breach of a warranty.    The complaint charges, in substance, that the plaintiff was desirous of purchasing a Stradivarius violin; that the genuineness of such kinds of violins can only be determined upon inspection by persons having special knowledge on the subject; the plaintiff did not have such knowledge; that defendants did, and he applied to them for the purpose of procuring one; that they informed him they did not have one on hand, but would endeavor to get one for him; that subsequently they sent for the plaintiff, and represented to him that they had a genuine Stradivarius for sale; that the same was owned by one Hay, of Syracuse, and for the purpose of inducing him to purchase it they personally represented and warranted

the same to be genuine; that he, relying upon such representations and warranty and believing the same to be true, purchased the violin from Hay through the defendants, who acted as his agents, and paid therefor $4,000; that the defendants received a commission from Hay on the sale; that the violin thus purchased is not a Stradivarius, and its market value is not over $300, whereas, if it were genuine, it would be worth $5,000; that by reason of the warranty the plaintiff has been damaged to the extent of $4,700, for which judgment is demanded.

The defendants deny the material allegations of the complaint, except they admit that the plaintiff asked them if they had a Stradivarius violin for sale, and that he purchased one from Hay, and as an affirmative defense allege that subsequent to the time of the transactions set forth in the complaint, and prior to the commencement of this action, the plaintiff brought an action in the Circuit Court of the United States for the Northern District of New York against Hay to recover $4,000 damages alleged to have been sustained by reason of a breach of his warranty that the violin referred to in the complaint in this action was a genuine Stradivarius; that such proceedings were had in that action that plaintiff obtained a judgment against him for $1,750 damages and costs, which was thereafter paid and satisfied. The pleadings in the action in the Circuit Court of the United States are annexed to and made a part of the answer in this action.

After issue had been joined, the defendants obtained an order requiring the plaintiff to reply to their affirmative defense, and in the reply served the plaintiff admitted that he brought the action referred to in the Circuit Court of the United States to recover damages for the breach of a warranty by Hay in the sale of the violin referred to in the complaint in this action, and that such action was settled and compromised for the sum of $1,750, but at the time of the settlement it was understood and agreed that the plaintiff did not release any claim or cause of action which he had against other persons, including the cause of action set forth in the complaint in this action. After the service of the reply the defendants moved for an order overruling the same as frivolous, and, under section 547 of the Code of Civil Procedure, as added by Laws 1908, p. 462, c. 166, for judgment on the pleadings. The motion was granted, and the plaintiff appeals.

I am of the opinion the court erred in granting the motion. What appears from the pleadings is that the plaintiff relied upon two separate warranties in making the purchase—one by Hay, the owner of the violin, and the other by his agents, through whom the purchase was made. The consideration of both warranties was the price paid, $4,000. The plaintiff parted with his money upon the strength of both warranties, and, having sustained damage by reason thereof, he had two separate causes of action—one against Hay, and the other against the defendants. A recovery in either action of the full amount of damage sustained would, of course, be a complete defense to the maintenance of the other; but a compromise in one action for less than the full amount of damage sustained would not prevent the maintenance of an action against the other for the balance.

It is true that in the action in the United States Circuit Court the

plaintiff alleged that he relied in making the purchase solely upon the representation made by Hay as to the genuineness of the violin; but this allegation does not estop him from asserting a claim for damages in this action against the defendants. It is, at most, but an admission of what he there stated, and is not conclusive against him. The reason why it is not conclusive against him is tersely stated in 11 American & English Encyclopedia of Law (2d Ed.) p. 449, as follows:

"While the allegations in the pleadings in one suit are receivable against the party in a subsequent suit between him and a stranger as his solemn admission of the truth of the facts recited, yet the pleading is not admitted as conclusively establishing the facts alleged therein, but is open to explanation or rebuttal, or may be shown to have been made by a mistake."

See, also, Quinby v. Carhart, 133 N. Y. 579, 30 N. E. 972; The Empire Manufacturing Co. v. Moers, 27 App. Div. 464, 50 N. Y. Supp. 691.

- The fact that the defendants acted as the agents of Hay, if they personally represented and warranted that the violin in question was a genuine Stradivarius, did not relieve them from liability, notwithstanding the fact that Hay warranted the instrument to be genuine, upon which the plaintiff also relied. The defendants were dealers in violins, and held themselves out as having knowledge of different makes. The plaintiff did not have the knowledge, and he therefore had a perfect right to rely upon their representation as to the genuineness of the instrument which he desired to purchase, and as an extra precaution he could also rely upon the representation made by the principal whom they represented. If he were deceived, he could proceed against both, and recover such damages as he had sustained, and a payment by one of a part of the damage did not destroy his cause of action against the other for the balance.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur, except HOUGHTON, J., who dissents.

HOUGHTON, J. (dissenting). The defendants were not the vendors of the violin; but they are expressly alleged to have acted as agents for the vendor. If they made a warranty, the facts alleged do not show any consideration for their agreement. To my mind, the only action the plaintiff has against these defendants is one for damages for deceit. The complaint is not framed on that theory, and I think that judgment in behalf of the defendants on the pleadings was properly granted, and that the order should be affirmed.