543 F.Supp. 630 (1982)
The WISCONSIN STATE AFL-CIO, John W. Schmitt as its president and individually, and Jack B. Reihl as its secretary-treasurer and individually; the United Auto Workers Union, Region 10, Ralph W. Koenig as its director and individually, and William Troestler as the coordinator of its Community Action Program and individually; the Democratic Party of Wisconsin and Matthew Flynn as its chairman and individually; Ronald J. De Lain as the Clerk of Brown County and individually; Gary R. George as a member of the Wisconsin State Senate and individually; and, John Brogan, Plaintiffs,
v.
ELECTIONS BOARD, an independent agency of the State of Wisconsin; its chairman, William Mattka; each of its members individually, Gary Aamodt, Stephen A. Beyer, Gregory B. Conway, Esther Kaplan, James Murphy, John Niebler, and Helen Sigmund; and, its executive secretary, Gerald J. Ferwerda, Defendants,
and
the Republican Party of Wisconsin, the League of Women Voters, the City of Milwaukee, Clifford W. Krueger, Stephen R. Leopold, Thomas A. Hauke, Annette Polly Williams, Governor Lee S. Dreyfus, Tommy G. Thompson, Donald J. Hannaway, Fred A. Risser and Ed G. Jackamonis, Intervening parties.
Civ. A. No. 82-C-0113.
United States District Court, E. D. Wisconsin.
June 9, 1982.
Order Filed June 16, 1982.
*631 Jon P. Axelrod, Madison, Wis., for plaintiffs.
F. Joseph Sensenbrenner, Deputy Atty. Gen., Madison, Wis., for defendants.
Before BAUER, Circuit Judge, and GORDON and EVANS, District Judges.

DECISION and ORDER
In 1972 the Wisconsin Legislature enacted legislation to reapportion the state's 33 Senate districts and 99 Assembly districts on the basis of the 1970 census. See Wis. Stat. § 4.001(1). The 1972 legislative elections and subsequent legislative elections have been conducted under the district boundaries established by the Wisconsin Legislature in 1972.
In 1980, the Bureau of the Census, United States Department of Commerce, conducted a decennial census of Wisconsin, as well as all other states. The 1980 census figures, as recertified by the Census Bureau on May 19, 1982, set the population of Wisconsin at 4,705,521. According to the current census figures, if the state were to be divided into 33 Senate districts of precisely equal numbers, each district would contain 142,591 persons. The population required to make the districts perfectly equal in population *632 will be referred to in this decision as the "ideal norm." The ideal norm for 99 Assembly districts, according to the 1980 census, is 47,531.
The 1980 population of 4,705,521 represents a 6.5 percent increase from the 1970 population of 4,417,933. The 1980 census figures also reveal shifts in population, most notably an increase in the population in northern Wisconsin and a decrease in the population in southeastern Wisconsin, particularly in the City of Milwaukee. Because of population growth and shifts, there exists today significant disparities in the populations of the current state legislative districts. The existing Senate districts range from a district where the population exceeds the ideal norm by 27.3%, to a district where the population is less than the ideal norm by 22.5%. The current Assembly districts range from a district where the population exceeds the ideal norm by 29% to a district where the population is less than the ideal norm by 33.4%.
To date, a new legislative reapportionment plan has not been enacted. We have been advised that a plan was passed by the legislature in May but that it was vetoed by Governor Lee Dreyfus. The vetoed plan has been submitted to us for our consideration and, after reviewing it, we conclude that it is one of the worst efforts before us and for that reason we decline to adopt it. The plan has, in our opinion, no redeeming value[1] and we will not discuss it further in this opinion.
This action, seeking a declaration that the present apportionment of Wisconsin's legislative districts is unconstitutional and praying for a judicial plan of reapportionment was filed in this district on February 2, 1982. Judge Terence T. Evans, the United States District Court judge to whom this matter was originally assigned, determined that the case was appropriate for treatment by a three judge panel under 28 U.S.C. § 2284, and accordingly he requested in a letter to the Chief Judge of the United States Court of Appeals for the Seventh Circuit that two other judges be appointed to form a panel to consider this case. On February 8, 1982, Chief Judge Walter J. Cummings of the Seventh Circuit Court of Appeals designated Judge Myron L. Gordon of the United States District Court for the Eastern District of Wisconsin and Judge William J. Bauer of the United States Court of Appeals for the Seventh Circuit to join Judge Evans in forming a three judge court to consider this case.
On February 22, 1982, we entered an order declaring the current reapportionment scheme unconstitutional and enjoining the defendant state Elections Board from preparing for or administering any elections using the current Senate and Assembly districts. The order also set deadlines for the filing of motions to intervene and for the submission of proposed reapportionment plans. Within the scheduled deadlines, the court received eight motions to intervene and, after one was withdrawn, the remaining seven were granted. Three of the parties, in addition to the original plaintiffs, submitted proposed state-wide reapportionment plans. Other parties submitted plans dealing with portions of Milwaukee County. Plans were also submitted by interested non-parties.
Subsequently, Governor Dreyfus moved to intervene. He also moved that we abstain from further proceedings because he had filed a petition to invoke the original jurisdiction of the Wisconsin Supreme Court to consider reapportionment. The Governor's motion to intervene as a party was granted. His abstention motion was denied. In light of the intervention of the Governor, legislative leaders of both the majority Democratic party and the minority Republican party moved to intervene in the case. Their motions were granted.
*633 The Wisconsin Supreme Court granted the Governor's petition and assumed jurisdiction of his reapportionment action, but that action was removed to the United States District Court for the Western District of Wisconsin. On April 1, 1982, the Western District court transferred the case to us. The matter is properly here, and the requisite conditions precedent to the exercise of our jurisdiction have been satisfied.
On April 21, 1982, we entertained oral arguments, and on April 23 an order was entered noting that we were reluctant to act until convinced that all reasonable efforts to establish a constitutionally acceptable redistricting plan had been exhausted by those charged with a duty to perform. Because the elected representatives of the people of Wisconsin have been unable to agree, we must now discharge our duty under the law. Before performing that duty, however, we deem it appropriate to note the following.
In Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964), the United States Supreme Court held that the Equal Protection Clause of the United States Constitution requires that state legislative districts be apportioned on a population basis.
"We hold that, as a basic constitutional standard, the Equal Protection Clause requires that the seats in both houses of a bicameral state legislature must be apportioned on a population basis. Simply stated, an individual's right to vote for state legislators is unconstitutionally impaired when its weight is in a substantial fashion diluted when compared with votes of citizens living in other parts of the State."
Reynolds v. Sims, 377 U.S. at 568, 84 S.Ct. at 1385. In so holding, the Supreme Court extended the "one person, one vote" principle enunciated with respect to congressional reapportionment in Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), to state legislative reapportionment.
Pursuing the concept of apportionment by population, the court continued:
"By holding that as a federal constitutional requisite both houses of a state legislature must be apportioned on a population basis, we mean that the Equal Protection Clause requires that a State make an honest and good faith effort to construct districts, in both houses of its legislature, as nearly of equal population as is practicable." Reynolds, supra, at 577, 84 S.Ct. at 1388.
Clearly, with respect to apportionment, equal population is the "most elemental requirement of the Equal Protection Clause." Connor v. Finch, 431 U.S. 407, 409-410, 97 S.Ct. 1828, 1830, 52 L.Ed.2d 465 (1977); Chapman v. Meier, 420 U.S. 1, 22, 95 S.Ct. 751, 763, 42 L.Ed.2d 766 (1975). To prevent the debasement of citizens' voting power and to honor the dictates of the Equal Protection Clause, equality of population, to the extent it is practicable, is the cornerstone of any constitutional apportionment plan.
Within the overall requirement that districts be as equal in population as practicable, different standards of population equality apply to different types of plans. A congressional plan is held to a more exacting standard of population equality than a legislative plan, Chapman v. Meier, 420 U.S. 1, 23, 95 S.Ct. 751, 764, 42 L.Ed.2d 766 (1975), Gaffney v. Cummings, 412 U.S. 735, 741-742, 93 S.Ct. 2321, 2325, 37 L.Ed.2d 298 (1973). Similarly, a court-ordered legislative plan is held to a higher standard of equality than a legislative plan enacted by a state. See: Chapman and Connor, supra.
Some deviations from a strict population standard may be permitted in a legislative reapportionment plan, if they promote some rational state policy, Reynolds, supra, at 579, 84 S.Ct. at 1390:
"So long as the divergences from a strict population standard are based on legitimate considerations incident to the effectuation of a rational state policy, some deviations from the equal-population principle are constitutionally permissible with respect to the apportionment of seats in either or both of the two houses of a bi-cameral state legislature."
*634 While some deviations are permitted, the court in Reynolds observed:
"[C]areful judicial scrutiny must of course be given, in evaluating state apportionment schemes, to the character as well as the degree of deviations from a strict population basis. But if, even as a result of a clearly rational state policy of according some legislative representation to political subdivisions, population is submerged as a controlling consideration in the apportionment of seats in a particular legislative body, then the right of all of the State's citizens to cast an effective and adequately weighted vote would be unconstitutionally impaired." Reynolds, supra, at 580, 84 S.Ct. at 1390 (Emphasis added.)
The United States Supreme Court has declined to define a statistically permissible level of population variation. Each case must be considered on its own facts. We believe that a court-ordered legislative reapportionment plan should meet a high standard of population equality. Deviations from population equality should, if at all possible, be of the de minimis variety.
The plans submitted to us differ greatly in their range of deviation. For example, the plan submitted by the plaintiff Democrats has an assembly deviation range of 2.83 (high district + 1.36, low district - 1.47) while the plan submitted by the Republican party has a deviation range of 10.11 (high district + 5.60, low district -4.54). The Democrats' plan is the lowest, and the Republican plan the second highest. We believe that a constitutionally acceptable plan should not deviate as high as 10%, and should, if possible, be kept below 2%.
The Wisconsin Constitution provides that Assembly districts should "... consist of contiguous territory and be in as compact form as practicable." Wis.Const. Art. IV, § 4. Within the limitations imposed by the requirement of population equality, the state may legitimately desire to make districts compact and contiguous.
"A State may legitimately desire ... to provide for compact districts of contiguous territory in designing a legislative apportionment scheme."
Reynolds, supra, 377 U.S. 533, 578, 84 S.Ct. 1362, 1389, 12 L.Ed.2d 506 (1964). The Wisconsin Supreme Court has defined "contiguous" to mean that a district "cannot be made up of two or more pieces of detached territory," State ex rel. Lamb v. Cunningham, 83 Wis. 90, 148, 53 N.W. 35, 57 (1892). The term "compact" has not been defined in Wisconsin, but other states with similar constitutional requirements have defined "compact" as meaning closely united in territory. See People ex rel. Woodyatt v. Thompson, 155 Ill. 451, 40 N.E. 307 (1895).
The constitutional requirement of compactness is not absolute; the districts must be as compact "as practicable," Wis. Const. Art. IV, § 4. Practical factors such as natural or political subdivision boundaries may legitimately vary the shapes of districts. In other words, districts should be reasonably, though not perfectly, compact and contiguous, People ex rel Scott v. Grivetti, 50 Ill.2d 156, 277 N.E.2d 881 (1971).
Although important, the requirement of compactness is clearly subservient to the overall objective of population equality. See People ex rel. Scott v. Grivetti, supra. While recognizing the secondary importance of compactness, we note that some of the plans submitted to us contain districts that are anything but compact. Some contain districts that wiggle and meander without any discernible reason save, perhaps, for the desire to stretch a district to fit some political end.
The most commonly urged justification for variation from strict population equality in state legislative reapportionment plans is that the integrity of county lines should be preserved. See Sims v. Amos, 336 F.Supp. 924, 933 (M.D.Ala.1972). Adherence to that justification has been urged in this suit, but only by those who have submitted plans with significant population deviations. The Wisconsin Constitution provides that county, town and ward lines should be maintained:
"The members of the Assembly shall be chosen biennially, by single districts, on *635 the Tuesday succeeding the first Monday of November after the adoption of this amendment, by the qualified electors of the several districts, such districts to be bounded by county, precinct, town or ward lines to consist of contiguous territory and be in as compact form as practicable."
Article IV, § 4, Wisconsin Constitution (emphasis supplied).
At one time, Assembly districts which divided counties were held unconstitutional in Wisconsin except where a county was entitled to more than one state Representative. State ex rel. Attorney General v. Cunningham, 81 Wis. 440, 468, 51 N.W. 724 (1892). County lines were considered to be "inviolable" in Wisconsin, and the principle was incorporated into the court-ordered reapportionment plan adopted by the Wisconsin Supreme Court in 1964. See State ex rel. Reynolds v. Zimmerman, 23 Wis.2d 606, 128 N.W.2d 16 (1964). That plan, the last "intact-county" plan in Wisconsin, established population deviation ranges that would be totally unacceptable today. The 1964 court-ordered plan, announced before the United States Supreme Court decided Reynolds v. Sims, contained 53 Assembly districts with deviations exceeding 10%. The largest average deviation, 32.5%, was in Walworth County with a population of 52,368, 12,840 over the ideal norm of 39,528. At the other end of the scale was the Calumet County district with a population of 22,268, 17,260 below the ideal norm. Calumet County's deviation was 43.7%. The total deviation, high to low, was 76.2%. Considering the United States Supreme Court decisions of the 1960's and the drastic deviations in the 1964 plan, it is little wonder that Robert W. Warren, the then-Attorney General of Wisconsin, now United States District Court Judge for the Eastern District of Wisconsin, found the Wisconsin constitutional requirements regarding the respecting of county lines to be "nugatory" in an opinion written in 1969. See 58 Op. Atty. Gen. 88 (1969).
While maintaining the integrity of county lines may be a desirable objective, we believe its general incompatibility with population equality makes it only a consideration of secondary importance. On this point we further observe that the best plan on keeping counties intact, the plan denominated as "Republican II," only keeps 34 together, while the "Democrat II" plan keeps 30 intact.
The other Republican plan submitted to us keeps only 19 counties intact and the second Democratic plan that we have considered keeps 26 counties together. None of the other plans are particularly impressive on this point although all, except for the so-called "Hauke-Leopold" plan with 21, keep more than the present 23 counties together.
Our plan, which will be discussed later, was drafted with the somewhat elusive goal of maintaining the integrity of county lines firmly in mind. We were able to succeed only to the extent of keeping 31 counties intact.
Although the Wisconsin Constitution quoted above provides for the maintenance of county, town and ward lines[2], absent is any requirement that city and village boundaries be maintained. The plaintiffs, whose plan splits more municipalities than those submitted by others, argue that the framers of the Constitution realized that the dividing of cities and villages would be necessary to achieve population equality in districts. They rely on State ex rel. Lamb v. Cunningham, supra, at 148, 53 N.W. 35, where the Supreme Court states:
"It will be observed that the section quoted speaks of `ward lines,' but contains no other reference to cities. From this it is manifest that the framers of the constitution, even at that early day, contemplated that the necessity was likely to arise for dividing up cities by ward lines in the formation of assembly districts, and thus allow smaller factors to enter into the *636 formation of such districts, and to that extent facilitate the equality of representation."
Thus, they conclude, there is no Wisconsin constitutional requirement that city or village boundaries be maintained.
The Republicans concede that the maintenance of municipal boundaries is not constitutionally required, but argue that the court should engage in a "... carefully tailored relaxation of the Article IV restrictions against breaching of county, municipal, village, town and ward boundaries." Republican Party Brief, p. 40. They argue that the degree of relaxation of the requirements should be limited and that population variances of around 10% are acceptable, if necessary to adhere better to municipal lines.
The Blaney Institute, Inc., of Madison, Wisconsin, which has been very helpful to the court in providing comparative data on the plans submitted[3], reports that the number of "municipal splits" in the two Republican plans are 48 and 66, while the numbers for the two Democratic party plans are 105 and 115. The two Republican plans average 192.5, and the two Democratic plans average 186.5 in the number of county splits.
We believe the maintenance of municipal boundaries to be important. We agree, however, with the apparent sentiment of all involved in this case that the splitting of municipal boundaries is necessary to adhere to the one person, one vote, principle. We believe that municipal splits should be used sparingly and we have tried to do so in our plan.
Closely related to the goal of maintaining the integrity of county and municipal lines is the objective of preserving identifiable communities of interest in redistricting. One important aspect of this concern is avoiding any dilution in the voting strength of racial and ethnic minorities. Among the identifiable racial and ethnic minorities in Wisconsin, only black citizens of Milwaukee County represent a sufficiently large population in a relatively concentrated area to be an effective majority in any Senate or Assembly districts. We believe that sound policy requires that any redistricting plan ensure fair representation to the black population. Our plan clearly meets this objective. We will comment on this aspect of our plan when we discuss its impact on Milwaukee County later in this decision.
A substantial number of Hispanics reside in Milwaukee County but, because of their dispersement within the county, it is impossible to draw an otherwise constitutional Assembly district with a high percentage of Hispanic residents. Our plan, however, avoids as much as possible the fragmentation of the Hispanic community by including the areas of heaviest Hispanic concentration in one Assembly district. By locating the primary concentration of the Hispanic population in one district, the plan helps to ensure that Hispanics will have the greatest potential to influence the election of a Representative of their choice.
Like the Hispanic minority, American Indians are dispersed throughout the state to the extent that it is impossible to draw an otherwise constitutional district with a large (over 65%) percentage of American Indian inhabitants. However, by locating one of the primary concentrations of American Indians (Menominee, Forest and a portion of Shawano Counties) in one district, our plan will have the potential to provide them with an opportunity to influence the election of a State Representative of their choice.
We have carefully studied the plans and arguments submitted to us by both the parties and the non-parties to this litigation. Although we have found all of them to be helpful, we are particularly indebted to Attorneys Ronald R. Ragatz, Jon P. Axelrod, Stephen G. Ryan and Robert M. Whitney for their excellent briefs and analyses. The submissions have been very helpful to us in *637 meeting our obligations in this difficult case.
Keeping in mind the criteria discussed above, we have reluctantly concluded that we can, by drawing our own plan, be more faithful to the goals of reapportionment than would be the case if we were to take the easy way out and merely adopt one of the plans submitted to us. For this reason we promulgated the attached plan as our reapportionment plan.
We have no desire to comment extensively on our plan. We will, however, make a number of general observations.

Population Equality

The Best in the History of Wisconsin
The old "intact county" state constitutional requirements resulted, since statehood, in a Wisconsin legislature that was not apportioned according to population until 1972. Even the 1964 plan, drafted during the formative years of the "one person, one vote" principle had, as we have observed, intolerable population deviations of 76.2%. The best plan submitted to us, as we have further observed, has a population deviation of 2.83%. Our plan not only improves upon the plaintiffs' submission, it surpasses the effort of the 1972 legislature and creates the lowest population deviation in the history of Wisconsin.
The ideal population of an assembly district, as stated on page 2, is 47,531. The largest of our ninety-nine districts is number 43, with a population of 47,944. The smallest of our districts is number 26, with a population of 47,119. The high district is only 413 over the ideal, and the low is only 412 people under. The deviation in our plan is a scant 1.74%.
Our plan has no districts that vary from the ideal norm by more than 0.87%. Of the plans submitted to us, only the plaintiffs' did reasonably well on this point, but even their plan contained nine districts that had more than a 1% deviation. The other plans, Hauke-Leopold with 34 districts over one percent deviation, the Republicans with 38, and the plan submitted by intervenor Senator Clifford W. Krueger with 45, have failed to impress us. We believe that our plan honors the young but equitable constitutionally required condition that, in a representative form of government, the vote of each person be, to the extent reasonably possible, equal in weight to the vote of another.

Milwaukee County

General
Milwaukee County has a population of 964,988. Its population represents 20.5% of Wisconsin's 4,705,521 inhabitants. It has 641,443 more people than the second largest county in Wisconsin. It contains 18 municipalities plus the state's largest city. It has the state's largest concentrations of black and Hispanic inhabitants. It contains many of the often conflicting interests involved in reapportionment, and for these reasons we deem it appropriate to comment on how our plan operates in it.

Minority
Three districts, numbers 10, 11, and 12, contain more than 65% black residents. Coupled together into a Senate district, our plan serves the constitutional mandate of not diluting minority voting strength.
District 15 of our plan contains Wards 222, 223, 224, 225, 226, 227, 228, 229 and 230, the wards of the city (and state for that matter) that have the largest concentrations of Hispanic citizens. Thus, the objectives discussed previously on pages 11 and 12 of this decision are served.

Intact Communities
The City of Wauwatosa, with 51,308 residents, and the City of West Allis, with a population of 63,982, join the City of Milwaukee in being communities within Milwaukee County having populations above the ideal norm for one district. Our plan, however, serves their "community of interest" by creating one district for each that contains only residents of either West Allis or Wauwatosa. In so doing, District 16, *638 with 47,618 residents of West Allis, contains 74.4% of the city's total population. District 67, which contains 47,198 of Wauwatosa's 51,308 people, holds 91.9% of its residents.
The City of Milwaukee, with 636,210 people, could contain 13 districts full of only city residents. As an intervenor in this suit, the city has argued that it should not be cut up into split districts as it is at present, and that other plans, notably the Democrats, only give it nine full districts. Our plan gives the City of Milwaukee 10 full districts and 5 split districts. In three of the split districts, the city versus non-city ratios is 44,131 to 3,535 (District 17), 44,000 to 3,667 (District 14), and 37,473 to 10,042 (District 1). With the city having 125,604 residents (87.9% of the total) of the total population of 142,848 in these districts we believe our plan to be sufficiently sensitive to the concerns of the state's largest city.[4]
Of the sixteen communities of less than 47,531 in Milwaukee County, our plan keeps thirteen intact. The intact communities are Brown Deer, West Milwaukee, Shorewood, Whitefish Bay, Fox Point, Bayside (including the portion of Bayside in Ozaukee County), River Hills, St. Francis, South Milwaukee, Cudahy, Franklin, Hales Corners and Greenfield. The three split communities are Oak Creek (split 6,801 in one district and 10,131 in another), Greendale (13,504 in one district, 3,424 in another), and Glendale (9,446 in one district, 4,436 in another).
In addition to our treatment of Wauwatosa and West Allis, and our grouping of blacks and Hispanics, we believe our plan honors various "communities of interest" by keeping together pockets of interest like the north shore suburbs, the east side of Milwaukee, and the cities of Cudahy-South Milwaukee.

Incumbent Residency
In our order of April 23, 1982 we reviewed some of the options available to us, including the option of drafting our own plan and stated: "In judicially enacting any plan, incumbent residency will not be a consideration of this court." We have been faithful to that pledge. At no time in the drafting of this plan did we consider where any incumbent legislator resides or whether our plan would inure to the political benefit of any one person or party.
While our plan has been drafted without incumbency considerations, we were mindful of the fact that the fall elections only call for the election of Senators presently holding odd numbered Senate seats. Consequently, the residents of Wisconsin presently living in even numbered Senate districts will not be electing Senators under our plan until 1984. To minimize the number of people affected by our plan as it relates to Senate districts, we have tried, as much as possible consistent with the principle of one person, one vote, to use even numbers for the Senate districts in our plan that roughly correspond to areas assigned to even numbered districts in the 1972 act.
Because all ninety-nine members of the state Assembly will be selected under this plan, we saw no reason to adhere to any numbering system for Assembly districts that related to the 1972 law.

Conclusion
The drafting of our plan required an enormous effort[5]. It was done without the use of a computer, and some of the data submitted to us was, in some ways, inaccurate. The certifications of population pockets were occasionally changed, and even the final state population was adjusted again *639 on May 24, 1982[6]. Some minor changes could not be incorporated into our plan. For example, on May 26, 1982 we were advised by the Legislative Reference Bureau that the City of St. Francis was incorrectly listed in previously submitted data as having 10,066 people when it actually had 24 people less. The 24 people lost to St. Francis were actually residents of the city of Milwaukee, thus raising its stated population from 636,210 to 636,234. We were not told the ward(s) of Milwaukee that contained the newly found 24.
We have tried to be as accurate as possible in drafting our plan. For the reasons stated above, and due to the enormity of the task, however, we recognize the possibility that arithmetic and/or inclusion-exclusion error could slip into the final product. For this reason we request that Dr. H. Rupert Theobald[7], Chief of the Wisconsin Legislative Reference Bureau, review our plan as soon as possible and advise us if any corrections are necessary.
For the foregoing reasons the court issues the following orders:
1. The appended judicial plan of reapportionment be effective for the 1982 legislative elections and thereafter until such time as a valid constitutional redistricting plan is enacted into law.
2. The injunction issued on February 22, 1982 is dissolved.
3. All deadlines, relating to such matters as notice of elections, and the circulating and filing of nomination papers for the full election are relaxed to the extent necessary to permit the elections to take place as scheduled. The defendant Elections Board, if necessary, may set new dates that are not inconsistent with the purpose of this order, to wit: the election of legislators in the fall.

APPENDIX

THE 1982 FEDERAL COURT REAPPORTIONMENT PLAN FOR THE STATE OF WISCONSIN
The Plan includes:
A Population List of the 99 Assembly Districts
A Population List of the 33 Senate Districts
A Listing, by Assembly Districts, of the Component Parts of Each District

 Assembly Districts
Assembly Deviation from Norm
District Population People Percentage
 1 47,515 -16 -.03%
 2 47,339 -192 -.40%
 3 47,417 -114 -.24%
 4 47,854 +323 +.68%
 5 47,708 +177 +.37%
 6 47,509 -22 -.05%
 7 47,814 +283 +.60%
 8 47,504 -27 -.06%
 9 47,522 -9 -.02%
 10 47,389 -142 -.30%
 11 47,707 +176 +.37%
 12 47,861 +330 +.69%
 13 47,612 +81 +.17%
 14 47,667 +136 +.29%

*640
 Assembly Districts
Assembly Deviation from Norm
District Population People Percentage
 15 47,200 -331 -.70%
 16 47,618 +87 +.18%
 17 47,666 +135 +.28%
 18 47,588 +57 +.12%
 19 47,731 +200 +.42%
 20 47,565 +34 +.07%
 21 47,525 -6 -.01%
 22 47,232 -299 -.63%
 23 47,135 -396 -.83%
 24 47,263 -268 -.56%
 25 47,143 -388 -.82%
 26 47,119 -412 -.87%
 27 47,254 -277 -.58%
 28 47,616 +85 +.18%
 29 47,796 +265 +.56%
 30 47,530 -1 .00%
 31 47,586 +55 +.11%
 32 47,841 +310 +.65%
 33 47,783 +252 +.53%
 34 47,459 -72 -.15%
 35 47,893 +362 +.76%
 36 47,601 +70 +.15%
 37 47,680 +149 +.31%
 38 47,698 +167 +.35%
 39 47,621 +90 +.19%
 40 47,778 +247 +.52%
 41 47,818 +287 +.60%
 42 47,354 -177 -.37%
 43 47,944 +413 +.87%
 44 47,678 +147 +.31%
 45 47,609 +78 +.16%
 46 47,751 +220 +.46%
 47 47,533 +2 .00%
 48 47,274 -257 -.54%
 49 47,376 -155 -.33%
 50 47,223 -308 -.65%
 51 47,580 +49 +.10%
 52 47,656 +125 +.26%
 53 47,852 +321 +.68%
 54 47,180 -351 -.74%
 55 47,218 -313 -.66%
 56 47,685 +154 +.32%
 57 47,691 +160 +.34%
 58 47,464 -67 -.14%
 59 47,302 -229 -.48%
 60 47,884 +353 +.74%
 61 47,233 -298 -.63%
 62 47,801 +270 +.57%
 63 47,186 -345 -.73%
 64 47,611 +80 +.17%
 65 47,517 -14 -.03%
 66 47,125 -406 -.85%
 67 47,198 -333 -.70%
 68 47,471 -60 -.12%
 69 47,292 -239 -.50%
 70 47,133 -398 -.84%
 71 47,145 -386 -.81%
 72 47,463 -68 -.14%
 73 47,603 +72 +.15%
 74 47,363 -168 -.35%
 75 47,735 +204 +.43%
 76 47,327 -204 -.43%
 77 47,521 -10 -.02%
 78 47,921 +390 +.82%
 79 47,788 +257 +.54%
 80 47,606 +75 +.16%
 81 47,296 -235 -.49%
 82 47,522 -9 -.02%
 83 47,543 +12 +.03%
 84 47,767 +236 +.50%
 85 47,704 +173 +.36%
 86 47,171 -360 -.75%
 87 47,555 +24 +.05%
 88 47,656 +125 +.26%
 89 47,829 +298 +.63%
 90 47,750 +219 +.46%
 91 47,244 -287 -.60%
 92 47,560 +29 +.06%
 93 47,629 +98 +.21%
 94 47,560 +29 +.06%
 95 47,339 -192 -.40%
 96 47,287 -244 -.51%
 97 47,852 +321 +.68%
 98 47,389 -142 -.30%
 99 47,482 -49 -.10%
 Senate Districts
NOTE: SENATE DISTRICTS SHALL BE REFERRED
TO AS "SD" AND ASSEMBLY
DISTRICTS AS "AD". AFTER
LISTING THE TOTAL FOR EACH
SENATE DISTRICT, THE NEXT NUMBER
WILL INDICATE THE NUMBER
OF PEOPLE BY WHICH THE DISTRICT
DEVIATES FROM THE IDEAL
SENATE DISTRICT SIZE OF 142,591.
THE NEXT NUMBER WILL INDICATE
THE PERCENTAGE OF DEVIATION.
SD 1:
 AD 1 47,515
 AD 2 47,339
 AD 3 47,417
 ______
 142,271 -320 -.22%
SD 2
 AD 4 47,854
 AD 5 47,708
 AD 6 47,509
 ______
 143,071 +480 +.34%

*641
 Senate Districts
SD 3
 AD 7 47,814
 AD 8 47,504
 AD 9 47,522
 _______
 142,840 +249 +.17%
SD 4
 AD 10 47,389
 AD 11 47,707
 AD 12 47,861
 _______
 142,957 +366 +.26%
SD 5
 AD 13 47,612
 AD 14 47,667
 AD 15 47,200
 _______
 142,479 -112 -.08%
SD 6
 AD 16 47,618
 AD 17 47,666
 AD 18 47,588
 _______
 142,872 +281 +.20%
SD 7
 AD 19 47,731
 AD 20 47,565
 AD 21 47,525
 ______
 142,821 +230 +.16%
SD 8
 AD 22 47,232
 AD 23 47,135
 AD 24 47,263
 ______
 141,630 -961 -.67%
SD 9
 AD 25 47,143
 AD 26 47,119
 AD 27 47,254
 _______
 141,516 -1075 -.75%
SD 10
 AD 28 47,616
 AD 29 47,796
 AD 30 47,530
 _______
 142,942 +351 +.25%
SD 11
 AD 31 47,586
 AD 32 47,841
 AD 33 47,783
 ______
 143,210 +619 +.43%
SD 12
 AD 34 47,459
 AD 35 47,893
 AD 36 47,601
 ______
 142,953 +362 +.25%
SD 13
 AD 37 47,680
 AD 38 47,698
 AD 39 47,621
 ______
 142,999 +408 +.28%
SD 14
 AD 40 47,778
 AD 41 47,818
 AD 42 47,354
 ______
 142,950 +359 +.25%
SD 15
 AD 43 47,944
 AD 44 47,678
 AD 45 47,609
 ______
 143,231 +640 +.45%
SD 16
 AD 46 47,751
 AD 47 47,533
 AD 48 47,274
 ______
 142,558 -33 -.02%
SD 17
 AD 49 47,376
 AD 50 47,223
 AD 51 47,580
 ______
 142,179 -412 -.29%
SD 18
 AD 52 47,656
 AD 53 47,852
 AD 54 47,180
 ______
 142,688 +97 +.07%
SD 19
 AD 55 47,218
 AD 56 47,685
 AD 57 47,691
 ______
 142,594 +3 +0%
SD 20
 AD 58 47,464
 AD 59 47,302
 AD 60 47,884
 ______
 142,650 +59 +.04%
SD 21
 AD 61 47,233
 AD 62 47,801
 AD 63 47,186
 ______
 142,220 -371 -.26%
SD 22
 AD 64 47,611
 AD 65 47,517
 AD 66 47,125
 ______
 142,253 -338 -.24%
SD 23
 AD 67 47,198
 AD 68 47,471
 AD 69 47,292
 ______
 141,961 -630 -.44%
SD 24
 AD 70 47,133
 AD 71 47,145
 AD 72 47,463
 ______
 141,741 -850 -.60%

*642
 Senate Districts
SD 25
 AD 73 47,603
 AD 74 47,363
 AD 75 47,735
 ______
 142,701 +110 +.08%
SD 26
 AD 76 47,327
 AD 77 47,521
 AD 78 47,921
 ______
 142,769 +178 +.12%
SD 27
 AD 79 47,788
 AD 80 47,606
 AD 81 47,296
 ______
 142,690 +99 +.07%
SD 28
 AD 82 47,522
 AD 83 47,543
 AD 84 47,767
 ______
 142,832 +241 +.17%
SD 29
 AD 85 47,704
 AD 86 47,171
 AD 87 47,555
 ______
 142,430 -161 -.11%
SD 30
 AD 88 47,656
 AD 89 47,829
 AD 90 47,750
 ______
 143,235 +644 +.45%
SD 31
 AD 91 47,244
 AD 92 47,560
 AD 93 47,629
 ______
 142,433 -158 -.11%
SD 32
 AD 94 47,560
 AD 95 47,339
 AD 96 47,287
 ______
 142,186 -405 -.28%
SD 33
 AD 97 47,852
 AD 98 47,389
 AD 99 47,482
 ______
 142,723 +132 +.09%

Assembly Districts
FIRST ASSEMBLY DISTRICT
Milwaukee County:
 City of St. Francis
 City of Milwaukee, wards 234, 260, 261,
 263-278, and 280
SECOND ASSEMBLY DISTRICT
Milwaukee County:
 City of Milwaukee, wards 205, 206, 240-259,
 279, and 281
THIRD ASSEMBLY DISTRICT
Milwaukee County:
 City of South Milwaukee
 City of Cudahy
 City of Oak Creek, wards 2, 6, 7, 9, 10, 11,
 and 12
FOURTH ASSEMBLY DISTRICT
Milwaukee County:
 City of Milwaukee, wards 40-65
FIFTH ASSEMBLY DISTRICT
Milwaukee County:
 Village of Shorewood
 Village of Whitefish Bay
 Village of Fox Point
 Village of Bayside
 Village of River Hills
 City of Glendale, wards 3, 4, 8, and 9
Ozaukee County:
 Village of Bayside
SIXTH ASSEMBLY DISTRICT
Milwaukee County:
 Village of Brown Deer
 City of Glendale, wards 1, 2, 5, 6, 7, 10, 11,
 and 12
 City of Milwaukee, wards 163-169, 171,
 172, 173, 178, and 179
SEVENTH ASSEMBLY DISTRICT
Milwaukee County:
 City of Milwaukee, wards 80-83, 85, 170,
 174-177, 282-295, 299, and 300
Washington County:
 City of Milwaukee, 2 people from ward
 285
EIGHTH ASSEMBLY DISTRICT
Milwaukee County:
 City of Milwaukee, wards 19, 20, 21, 25,
 26, 27, 28, 31-39, 84, 86-89, 126, 127,
 180-182
NINTH ASSEMBLY DISTRICT
Milwaukee County:
*643
 City of Milwaukee, wards 90-104, 123-125,
 129, 130, 133-135, 139, 141, 142,
 309, 310
TENTH ASSEMBLY DISTRICT
Milwaukee County:
 City of Milwaukee, wards 1-3, 22-24, 29,
 30, 122, 128, 131, 136, 183, 184, 185, and
 187-193
ELEVENTH ASSEMBLY DISTRICT
Milwaukee County:
 City of Milwaukee, wards 4-15, 105-112,
 and 186
TWELFTH ASSEMBLY DISTRICT
Milwaukee County:
 City of Milwaukee, wards 16-18, 67, 68,
 113-121, 194-199, and 303
THIRTEENTH ASSEMBLY DISTRICT
Milwaukee County:
 City of Milwaukee, wards 66, 69-77, 132,
 137, 138, 140, 304-308, 311-313
FOURTEENTH ASSEMBLY DISTRICT
Milwaukee County:
 City of Milwaukee, wards 78, 79, 143-150,
 154, 155, 158, and 314-324
 City of West Allis, wards 16 and 17
FIFTEENTH ASSEMBLY DISTRICT
Milwaukee County:
 City of Milwaukee, wards 151-153, 156,
 221-233, 235-239, and 262
SIXTEENTH ASSEMBLY DISTRICT
Milwaukee County:
 City of West Allis, wards 1-15, 19-27,
 and 34
SEVENTEENTH ASSEMBLY DISTRICT
Milwaukee County:
 City of Milwaukee, wards 157, 159-162,
 200-204, and 207-220
 City of West Milwaukee
EIGHTEENTH ASSEMBLY DISTRICT
Milwaukee County:
 City of Greenfield
 Village of Greendale, wards 7, 9
 City of West Allis, wards 18, and 28-33
NINETEENTH ASSEMBLY DISTRICT
Racine County:
 City of Racine, wards 2-4, 6, 17-22, 24-28
 Town of Mount Pleasant, wards 1, 4-6
 Village of Elmwood Park
TWENTIETH ASSEMBLY DISTRICT
Racine County:
 City of Racine, wards 1, 5, 7-16, 23, 29-32
 Village of North Bay
 Village of Wind Point
TWENTY-FIRST ASSEMBLY DISTRICT
Racine County:
 Town of Caledonia
 Town of Mount Pleasant, wards 2-3, 7-12
 Town of Raymond
 Town of Yorkville
 Village of Union Grove
 City of Sturtevant
TWENTY-SECOND ASSEMBLY DISTRICT
Kenosha County:
 Town of Brighton
 Town of Bristol
 Town of Paris
 Town of Pleasant Prairie, wards 5, 8, 9
 Town of Randall
 Town of Salem
 Town of Wheatland
 Village of Paddock Lake
 Village of Silver Lake
 Village of Twin Lakes
Racine County:
 Town of Burlington
 City of Burlington
Walworth County:
 Town of Bloomfield
 Village of Genoa City
*644 TWENTY-THIRD ASSEMBLY DISTRICT
Kenosha County:
 Town of Pleasant Prairie, wards 1-4, 6, 7
 City of Kenosha, wards 4-6, 14-18, 24-30,
 33, 34
TWENTY-FOURTH ASSEMBLY DISTRICT
Kenosha County:
 Town of Somers
 City of Kenosha, wards 1-3, 7-13, 19-23,
 31, 32
TWENTY-FIFTH ASSEMBLY DISTRICT
Rock County:
 Town of Beloit
 Town of Janesville
 Town of Rock
 City of Beloit, wards 1-11, 13-15, 19
 City of Janesville, wards 11-13
TWENTY-SIXTH ASSEMBLY DISTRICT
Rock County:
 Town of Bradford
 Town of Clinton
 Town of La Prairie
 Town of Turtle
 Village of Clinton
 City of Beloit, wards 12, 16-18, 20-22
 City of Janesville, wards 1-10, 20, 21
TWENTY-SEVENTH ASSEMBLY DISTRICT
Walworth County:
 All of Walworth County except:
 Town of Bloomfield
 Town of East Troy
 Town of LaGrange
 Town of Spring Prairie
 Town of Whitewater
 Village of East Troy
 Village of Genoa City
 City of Whitewater
TWENTY-EIGHTH ASSEMBLY DISTRICT
Milwaukee County:
 Village of Greendale, except wards 7 and
 9
 Village of Hales Corners
 City of Franklin
 City of Oak Creek, wards 1, 3, 4, 5, 8, 13,
 14, 15, 16, and 17
TWENTY-NINTH ASSEMBLY DISTRICT
Racine County:
 Town of Dover
 Town of Norway
 Town of Rochester
 Town of Waterford
 Village of Rochester
 Village of Waterford
Walworth County:
 Town of East Troy
 Town of Spring Prairie
 Village of East Troy
Waukesha County:
 Town of Vernon
 City of Muskego
 City of New Berlin, ward 21
THIRTIETH ASSEMBLY DISTRICT
Waukesha County:
 Town of Brookfield
 City of Brookfield, wards 7, 10-13, 16,
 18-20
 City of New Berlin, except ward 21
THIRTY-FIRST ASSEMBLY DISTRICT
Dodge County:
 City of Watertown
Jefferson County:
 Town of Aztalan
 Town of Concord
 Town of Farmington
 Town of Ixonia
 Town of Jefferson
 Town of Lake Mills
 Town of Milford
 Town of Waterloo
 Town of Watertown
 Village of Johnson Creek
 Village of Sullivan
*645
 City of Jefferson
 City of Lake Mills
 City of Waterloo
 City of Watertown
THIRTY-SECOND ASSEMBLY DISTRICT
Jefferson County:
 Town of Cold Spring
 Town of Hebron
 Town of Koshkonong
 Town of Oakland
 Town of Sumner
 City of Fort Atkinson
 City of Whitewater
Rock County:
 Town of Harmony
 Town of Johnstown
 Town of Lima
 City of Janesville, wards 14-19
Walworth County:
 City of Whitewater
THIRTY-THIRD ASSEMBLY DISTRICT
Dodge County:
 Town of Beaver Dam
 Town of Burnette
 Town of Calamus
 Town of Chester
 Town of Clyman
 Town of Elba
 Town of Emmet
 Town of Fox Lake
 Town of Hustisford
 Town of Lebanon
 Town of Leroy
 Town of Lowell
 Town of Oak Grove
 Town of Portland
 Town of Shields
 Town of Trenton
 Village of Clyman
 Village of Hustisford
 Village of Lowell
 Village of Reeseville
 City of Beaver Dam
 City of Fox Lake
 City of Juneau
 City of Waupun
Fond du Lac County:
 City of Waupun
THIRTY-FOURTH ASSEMBLY DISTRICT
LaCrosse County:
 Town of Medary
 City of LaCrosse except ward 18
THIRTY-FIFTH ASSEMBLY DISTRICT
LaCrosse County:
 LaCrosse County except:
 Town of Medary
 City of LaCrosse, wards 1-17
Monroe County:
 Town of Leon
 Town of Little Falls
 Town of Sparta
THIRTY-SIXTH ASSEMBLY DISTRICT
Crawford County
Vernon County
Grant County:
 Town of Boscobel
 Town of Marion
 Town of Millville
 Town of Mount Hope
 Town of Woodman
 Town of Wyalusing
 Village of Bagley
 Village of Mount Hope
 Village of Woodman
 City of Boscobel
THIRTY-SEVENTH ASSEMBLY DISTRICT
Green County:
 Green County except:
 Town of Brooklyn
 Town of Exeter
 Town of New Glarus
 Town of York
 Village of Belleville
 Village of Brooklyn
 Village of New Glarus
Rock County:
*646
 Town of Avon
 Town of Center
 Town of Fulton
 Town of Magnolia
 Town of Milton
 Town of Newark
 Town of Plymouth
 Town of Porter
 Town of Spring Valley
 Village of Footville
 Village of Orfordville
 City of Edgerton
 City of Milton
THIRTY-EIGHTH ASSEMBLY DISTRICT
Iowa County
Lafayette County
Sauk County:
 Town of Franklin
 Town of Prairie du Sac
 Town of Spring Green
 Town of Troy
 Village of Plain
 Village of Prairie du Sac
 Village of Sauk City
 Village of Spring Green
THIRTY-NINTH ASSEMBLY DISTRICT
Grant County:
 All of Grant County except for that portion
 in Assembly District Thirty-six
Richland County:
 Town of Eagle
 Town of Richwood
FORTIETH ASSEMBLY DISTRICT
Pierce County
St. Croix County:
 Town of Hudson
 Town of Kinnickinnic
 Town of Pleasant Valley
 Town of Troy
 Town of Warren
 Village of North Hudson
 Village of Roberts
 City of Hudson
 City of River Falls (that part located in
 St. Croix County)
FORTY-FIRST ASSEMBLY DISTRICT
Dunn County:
 Town of Eau Galle
 Town of Hay River
 Town of Knapp
 Town of Lucas
 Town of Menomonie
 Town of New Haven
 Town of Otter Creek
 Town of Sheridan
 Town of Sherman
 Town of Stanton
 Town of Tiffany
 Town of Weston
 Town of Wilson
 Village of Boyceville
 Village of Downing
 Village of Ridgeland
 Village of Wheeler
 City of Menomonie
St. Croix County:
 Town of Baldwin
 Town of Cady
 Town of Eau Galle
 Town of Emerald
 Town of Erin Prairie
 Town of Glenwood
 Town of Hammond
 Town of Richmond
 Town of Rush River
 Town of St. Joseph
 Town of Somerset
 Town of Springfield
 Town of Star Prairie
 Village of Baldwin
 Village of Hammond
 Village of Somerset
 Village of Star Prairie
 Village of Wilson
 Village of Woodville
 City of Glenwood
 City of New Richmond
*647 FORTY-SECOND ASSEMBLY DISTRICT
Burnett County
Polk County
St. Croix County:
 Town of Cylon
 Town of Forest
 Town of Stanton
 Village of Deer Park
FORTY-THIRD ASSEMBLY DISTRICT
Buffalo County
Pepin County
Trempealeau County
FORTY-FOURTH ASSEMBLY DISTRICT
Eau Claire County:
 Town of Bridge Creek
 Town of Brunswick
 Town of Clear Creek
 Town of Drammen
 Town of Fairchild
 Town of Lincoln
 Town of Otter Creek
 Town of Pleasant Valley
 Town of Washington
 Village of Augusta
 Village of Fairchild
 Village of Fall Creek
 City of Altoona
 City of Eau Claire, wards 2-5, 13, 15,
 17-20
FORTY-FIFTH ASSEMBLY DISTRICT
Jackson County
Monroe County:
 Monroe County except that portion within
 Assembly District Thirty-five
FORTY-SIXTH ASSEMBLY DISTRICT
Oneida County
Vilas County
FORTY-SEVENTH ASSEMBLY DISTRICT
Price County
Rusk County
Barron County:
 Town of Chetek
 City of Chetek
Taylor County:
 Town of Browning
 Town of Chelsea
 Town of Cleveland
 Town of Goodrich
 Town of Greenwood
 Town of Grover
 Town of Hammel
 Town of Jump River
 Town of McKinley
 Town of Medford
 Town of Molitor
 Town of Pershing
 Town of Rib Lake
 Town of Westboro
 Village of Rib Lake
 City of Medford
FORTY-EIGHTH ASSEMBLY DISTRICT
Florence County
Forest County
Menominee County
Langlade County:
 Town of Ainsworth
 Town of Evergreen
 Town of Langlade
 Town of Norwood
 Town of Polar
 Town of Price
 Town of Rolling
 Town of Wolf River
 Village of White Lake
Marathon County:
 Town of Harrison
 Town of Plover
Marinette County:
 Town of Amberg
 Town of Athelstane
 Town of Beecher
 Town of Dunbar
 Town of Goodman
 Town of Niagara
 Town of Pembine
*648
 Town of Silver Cliff
 Town of Wausaukee
 Village of Niagara
 Village of Wausaukee
Oconto County:
 Town of Armstrong
 Town of Breed
 Town of Doty
 Town of How
 Town of Lakewood
 Town of Riverview
 Town of Townsend
Shawano County:
 Town of Almon
 Town of Aniwa
 Town of Bartelme
 Town of Birnamwood
 Town of Fairbanks
 Town of Germania
 Town of Grant
 Town of Gresham
 Town of Herman
 Town of Hutchins
 Town of Morris
 Town of Red Springs
 Town of Seneca
 Town of Tigerton
 Town of Wittenberg
 Village of Aniwa
 Village of Birnamwood
 Village of Bowler
 Village of Eland
 Village of Mattoon
 Village of Wittenberg
FORTY-NINTH ASSEMBLY DISTRICT
Douglas County
Bayfield County:
 Town of Barnes
 Town of Hughes
 Town of Iron River
 Town of Orienta
 Town of Oulu
 Town of Port Wing
FIFTIETH ASSEMBLY DISTRICT
Ashland County
Iron County
Sawyer County
Bayfield County:
 All of Bayfield County except
 Town of Barnes
 Town of Hughes
 Town of Iron River
 Town of Orienta
 Town of Oulu
 Town of Port Wing
FIFTY-FIRST ASSEMBLY DISTRICT
Washburn County
Barron County:
 All of Barron County except
 Town of Chetek
 Town of Dovre
 Town of Sioux Creek
 Village of New Auburn (that part located
 in Barron County)
 City of Chetek
FIFTY-SECOND ASSEMBLY DISTRICT
Marinette County:
 Town of Beaver
 Town of Grover
 Town of Lake
 Town of Middle Inlet
 Town of Peshtigo
 Town of Porterfield
 Town of Pound
 Town of Stephenson
 Town of Wagner
 Village of Coleman
 Village of Crivitz
 Village of Pound
 City of Marinette
 City of Peshtigo
Oconto County:
 Town of Abrams
 Town of Bagley
 Town of Brazeau
 Town of Lena
 Town of Little River
 Town of Little Suamico
 Town of Maple Valley
 Town of Oconto
*649
 Town of Pensaukee
 Town of Spruce
 Town of Stiles
 Village of Lena
 Village of Suring
 City of Oconto
FIFTY-THIRD ASSEMBLY DISTRICT
Brown County:
 Town of Pittsfield
 Town of Suamico
 Village of Howard
 Village of Pulaski
 City of Green Bay, wards 7-12, 21, 25,
 27-35
FIFTY-FOURTH ASSEMBLY DISTRICT
Oconto County:
 Town of Chase
 Town of Gillett
 Town of Morgan
 Town of Oconto Falls
 Town of Underhill
 City of Gillett
 City of Oconto Falls
Outagamie County:
 Town of Black Creek
 Town of Center
 Town of Cicero
 Town of Maine
 Town of Oneida
 Town of Osborn
 Town of Seymour
 Village of Black Creek
 Village of Nichols
 City of Seymour
Shawano County:
 Town of Angelica
 Town of Belle Plaine
 Town of Bonduel
 Town of Green Valley
 Town of Hartland
 Town of Lessor
 Town of Maple Grove
 Town of Navarino
 Town of Pella
 Town of Richmond
 Town of Washington
 Town of Waukechon
 Town of Wescott
 Village of Cecil
 City of Shawano
FIFTY-FIFTH ASSEMBLY DISTRICT
Barron County:
 Town of Dovre
 Town of Sioux Creek
 Village of New Auburn (that part located
 in Barron County)
Chippewa County:
 Town of Auburn
 Town of Birch Creek
 Town of Bloomer
 Town of Cleveland
 Town of Cooks Valley
 Town of Eagle Point
 Town of Estella
 Town of Hallie
 Town of Howard
 Town of Lake Holcombe
 Town of Ruby
 Town of Sampson
 Town of Tilden
 Town of Wheaton
 Town of Woodmohr
 Village of New Auburn (that part located
 in Chippewa County)
 City of Bloomer
 City of Chippewa Falls
 City of Cornell
Dunn County:
 Town of Colfax
 Town of Dunn
 Town of Elk Mound
 Town of Grant
 Town of Peru
 Town of Red Cedar
 Town of Rock Creek
 Town of Sand Creek
 Town of Spring Brook
 Town of Tainter
 Village of Colfax
 Village of Elk Mound
*650 FIFTY-SIXTH ASSEMBLY DISTRICT
Chippewa County:
 Town of Anson
 Town of Arthur
 Town of Colburn
 Town of Delmar
 Town of Edson
 Town of Goetz
 Town of Lafayette
 Town of Sigel
 Village of Boyd
 Village of Cadott
 City of Stanley
 City of Eau Claire (that part located in
 Chippewa County, ward 16)
Eau Claire County:
 Town of Ludington
 Town of Seymour
 Town of Union
 Town of Wilson
 City of Eau Claire, wards 1, 6-12, 14
FIFTY-SEVENTH ASSEMBLY DISTRICT
Clark County
Marathon County:
 Town of Brighton
 Town of Eau Pleine
 Town of Holton
 Town of Hull
 Town of McMillan
 Town of Spencer
 Village of Spencer
 Village of Unity (that part located in
 Marathon County)
 City of Abbotsford (that part located in
 Marathon County)
 City of Colby (that part located in Marathon
 County)
Taylor County:
 Town of Aurora
 Town of Deer Creek
 Town of Ford
 Town of Holway
 Town of Little Black
 Town of Maplehurst
 Town of Roosevelt
 Town of Taft
 Village of Gilman
 Village of Lublin
 Village of Stetsonville
FIFTY-EIGHTH ASSEMBLY DISTRICT
Portage County:
 Town of Alban
 Town of Amherst
 Town of Dewey
 Town of Hull
 Town of New Hope
 Town of Sharon
 Town of Stockton
 Village of Amherst
 Village of Amherst Junction
 Village of Nelsonville
 Village of Park Ridge
 Village of Rosholt
 Village of Whiting
 City of Stevens Point
Waupaca County:
 Town of Dupont
 Town of Harrison
 Town of Helvetia
 Town of Iola
 Town of St. Lawrence
 Town of Scandinavia
 Town of Union
 Town of Wyoming
 Village of Big Falls
 Village of Iola
 Village of Ogdensberg
 Village of Sandinavia
 City of Marion
FIFTY-NINTH ASSEMBLY DISTRICT
Portage County:
 Town of Almond
 Town of Belmont
 Town of Buena Vista
 Town of Grant
 Town of Lanark
 Town of Linwood
 Town of Pine Grove
 Town of Plover
 Village of Almond
*651
 Village of Plover
Waupaca County:
 Town of Dayton
 Town of Farmington
Wood County:
 Town of Grand Rapids
 Village of Biron
 Village of Port Edwards
 City of Wisconsin Rapids
SIXTIETH ASSEMBLY DISTRICT
Marathon County:
 City of Marshfield (that part located in
 Marathon County)
Portage County:
 Town of Carson
 Town of Eau Pleine
 Village of Junction City
 Village of Milladore (that part located in
 Portage County)
Wood County:
 All of Wood County except:
 Town of Grand Rapids
 Village of Biron
 Village of Port Edwards
 City of Wisconsin Rapids
SIXTY-FIRST ASSEMBLY DISTRICT
Lincoln County
Langlade County:
 Town of Ackley
 Town of Antigo
 Town of Elcho
 Town of Neva
 Town of Parrish
 Town of Peck
 Town of Summit
 Town of Upham
 Town of Vilas
 City of Antigo
Marathon County:
 Town of Berlin
 Town of Hamburg
 Town of Hewitt
 Town of Maine
 Town of Texas
 Village of Brokaw
SIXTY-SECOND ASSEMBLY DISTRICT
Marathon County:
 Town of Bergen
 Town of Bern
 Town of Cassel
 Town of Cleveland
 Town of Day
 Town of Emmet
 Town of Frankfort
 Town of Green Valley
 Town of Halsey
 Town of Johnson
 Town of Marathon
 Town of Mosinee
 Town of Rib Falls
 Town of Rib Mountain
 Town of Rietbrock
 Town of Stettin
 Town of Wien
 Village of Athens
 Village of Edgar
 Village of Fenwood
 Village of Marathon City
 Village of Stratford
 City of Mosinee
 City of Wausau, Wards 11-25
SIXTY-THIRD ASSEMBLY DISTRICT
Marathon County:
 Town of Bevent
 Town of Easton
 Town of Elderon
 Town of Franzen
 Town of Guenther
 Town of Hatley
 Town of Knowlton
 Town of Kronenwetter
 Town of Norrie
 Town of Reid
 Town of Ringle
 Town of Wausau
 Town of Weston
 Village of Elderon
 Village of Rothschild
 City of Schofield
 City of Wausau, Wards 1-10
*652 SIXTY-FOURTH ASSEMBLY DISTRICT
Jefferson County:
 Town of Palmyra
 Town of Sullivan
 Village of Palmyra
Walworth County:
 Town of LaGrange
 Town of Whitewater
Waukesha County:
 Town of Eagle
 Town of Mukwonago
 Town of Ottawa
 Town of Summit
 Town of Waukesha
 Village of Dousman
 Village of Eagle
 Village of Mukwonago
 City of Delafield
 City of Waukesha, Wards 24-27, 30, 31
SIXTY-FIFTH ASSEMBLY DISTRICT
Waukesha County:
 Town of Pewaukee except Wards 1-3
 City of Waukesha except Wards 24-27,
 30, 31
SIXTY-SIXTH ASSEMBLY DISTRICT
Washington County:
 Town of Erin
Waukesha County:
 Town of Delafield
 Town of Genesee
 Town of Merton
 Town of Oconomowoc
 Town of Pewaukee, Ward 3
 Village of Chenequa
 Village of Hartland
 Village of Lac La Belle
 Village of Merton
 Village of Nashotah
 Village of North Prairie
 Village of Oconomowoc Lake
 Village of Wales
 City of Oconomowoc
SIXTY-SEVENTH ASSEMBLY DISTRICT
Milwaukee County:
 City of Wauwatosa except Wards 9 and
 21
SIXTY-EIGHTH ASSEMBLY DISTRICT
Milwaukee County:
 City of Wauwatosa, Wards 9 and 21
 City of Milwaukee, Wards 296-298, 301,
 302
Waukesha County:
 Village of Butler
 Village of Elm Grove
 Village of Menomonee Falls, Wards 14,
 18, 20
 City of Brookfield, Wards 1-6, 8, 9, 14, 15,
 17, 21-24
SIXTY-NINTH ASSEMBLY DISTRICT
Washington County:
 Town of Richfield, Wards 1, 3-7, 13-15
Waukesha County:
 Town of Lannon
 Town of Lisbon
 Town of Pewaukee, Wards 1 and 2
 Village of Menomonee Falls except
 Wards 14, 18 and 20
 Village of Pewaukee
 Village of Sussex
SEVENTIETH ASSEMBLY DISTRICT
Ozaukee County:
 Town of Cedarburg
 Village of Thiensville
 City of Cedarburg
 City of Grafton
 City of Mequon, Wards 2, 4-8, 12, 13
Washington County:
 Town of Germantown
 Town of Richfield, Wards 9, 11, 12
 Village of Germantown
SEVENTY-FIRST ASSEMBLY DISTRICT
Ozaukee County:
 Town of Belgium
*653
 Town of Grafton
 Town of Port Washington
 Town of Saukville
 Village of Belgium
 Village of Saukville
 City of Mequon, Wards 1, 3, 9-11, 14-16
 City of Port Washington
Sheboygan County:
 Town of Holland
 Town of Lima
 Town of Wilson
 Village of Cedar Grove
 Village of Oostburg
 City of Sheboygan, Wards 7 and 8
SEVENTY-SECOND ASSEMBLY DISTRICT
Ozaukee County:
 Village of Newburg (part)
Washington County:
 Town of Farmington
 Town of Fredonia
 Town of Jackson
 Town of Polk
 Town of Richfield, Wards 2, 8 and 10
 Town of Trenton
 Town of West Bend
 Village of Fredonia
 Village of Jackson
 Village of Newburg (part)
 Village of Slinger
 City of West Bend
SEVENTY-THIRD ASSEMBLY DISTRICT
Door County
Kewaunee County
Brown County:
 Town of Green Bay
 Town of Scott
SEVENTY-FOURTH ASSEMBLY DISTRICT
Brown County:
 Town of Eaton
 Town of Humboldt
 Town of Morrison
 Town of New Denmark
 Village of Denmark
Calumet County:
 Town of Charleston
 Town of Rantoul
 Village of Hilbert
 Village of Potter
Manitowoc County:
 Town of Cato
 Town of Cooperstown
 Town of Eaton
 Town of Franklin
 Town of Gibson
 Town of Kossuth
 Town of Manitowoc Rapids
 Town of Maple Grove
 Town of Mishicot
 Town of Rockland
 Town of Two Creeks
 Town of Two Rivers
 Village of Francis Creek
 Village of Kellnersville
 Village of Maribel
 Village of Mishicot
 Village of Reedsville
 Village of Valders
 Village of Whitelaw
 City of Two Rivers
SEVENTY-FIFTH ASSEMBLY DISTRICT
Brown County:
 Town of Allouez
 Town of Bellevue
 City of Green Bay, Wards 1-6, 13-20, 22
SEVENTY-SIXTH ASSEMBLY DISTRICT
Calumet County:
 City of Kiel (that part located in Calumet
 County)
Manitowoc County:
 Town of Centerville
 Town of Liberty
 Town of Manitowoc
 Town of Meeme
 Town of Newton
*654
 Town of Schleswig
 Village of Cleveland
 Village of St. Nazianz
 City of Manitowoc
 City of Kiel (that part located in Manitowoc
 County)
Sheboygan County:
 Town of Mosel
SEVENTY-SEVENTH ASSEMBLY DISTRICT
Sheboygan County:
 Town of Sheboygan
 Village of Kohler
 City of Sheboygan, Wards 1-6, 9-16
SEVENTY-EIGHTH ASSEMBLY DISTRICT
Calumet County:
 Town of New Holstein
 City of New Holstein
Fond du Lac County:
 Town of Calumet
 Town of Marshfield
 Town of Osceola
 Town of Taycheeda
 Village of Mt. Calvary
 Village of St. Cloud
Sheboygan County:
 Town of Greenbush
 Town of Herman
 Town of Lyndon
 Town of Mitchell
 Town of Plymouth
 Town of Rhine
 Town of Russell
 Town of Scott
 Town of Sheboygan Falls
 Town of Sherman
 Village of Adell
 Village of Cascade
 Village of Elkhart Lake
 Village of Glenbeulah
 Village of Howards Grove
 Village of Random Lake
 Village of Waldo
 City of Plymouth
 City of Sheboygan Falls
SEVENTY-NINTH ASSEMBLY DISTRICT
Outagamie County:
 Town of Grand Chute
 City of Appleton, Wards 1, 3, 4, 6-8, 12,
 14-19
EIGHTIETH ASSEMBLY DISTRICT
Winnebago County:
 Town of Clayton
 Town of Menasha
 Town of Winchester
 Town of Winneconne
 Village of Winneconne
 City of Menasha
 City of Neenah, Wards 1, 5, 7-10, 12, 14
EIGHTY-FIRST ASSEMBLY DISTRICT
Winnebago County:
 Town of Neenah
 Town of Oshkosh
 Town of Vinland
 City of Neenah, Wards 2-4, 6, 11, 13, 15,
 16
 City of Oshkosh, Wards 29-34, 37, 41-43
EIGHTY-SECOND ASSEMBLY DISTRICT
Calumet County:
 Town of Brillion
 Town of Brothertown
 Town of Chilton
 Town of Harrison
 Town of Stockbridge
 Town of Woodville
 Village of Sherwood
 Village of Stockbridge
 City of Brillion
 City of Chilton
 City of Appleton (that part located in
 Calumet County  Wards 9, 13, 22, 23)
Outagamie County:
 Town of Buchanan
 Village of Combined Locks
 Village of Kimberly
*655
 City of Appleton, Wards 2, 5, 10, 11, 20,
 24
Winnebago County:
 City of Appleton (that part located in
 Winnebago County  Ward 21)
EIGHTY-THIRD ASSEMBLY DISTRICT
Brown County:
 Town of DePere
 Town of Glenmore
 Town of Holland
 Town of Lawrence
 Town of Rockland
 Town of Wrightstown
 Village of Wrightstown
 City of DePere (All of the city of DePere
 except Ward 9)
Outagamie County:
 Town of Freedom
 Town of Kaukauna
 Town of Vandenbroek
 Village of Little Chute
 City of Kaukauna
EIGHTY-FOURTH ASSEMBLY DISTRICT
Brown County:
 Town of Hobart
 Village of Ashwaubenon
 City of DePere, Ward 9
 City of Green Bay, Wards 23, 24, 26,
 36-46
EIGHTY-FIFTH ASSEMBLY DISTRICT
Outagamie County:
 Town of Bovina
 Town of Dale
 Town of Deer Creek
 Town of Ellington
 Town of Greenville
 Town of Hortonia
 Town of Liberty
 Town of Maple Creek
 Village of Bear Creek
 Village of Hortonville
 Village of Shiocton
 City of New London (that part located in
 Outagamie County)
Waupaca County:
 Town of Bear Creek
 Town of Caledonia
 Town of Fremont
 Town of Larrabee
 Town of Lebanon
 Town of Lind
 Town of Little Wolf
 Town of Matteson
 Town of Mukwa
 Town of Royalton
 Town of Waupaca
 Town of Weyauwega
 Village of Embarrass
 Village of Fremont
 City of Clintonville
 City of Manawa
 City of Waupaca
 City of Weyauwega
 City of New London (that part located in
 Waupaca County)
Winnebago County:
 Town of Poygan
 Town of Wolf River
EIGHTY-SIXTH ASSEMBLY DISTRICT
Green Lake County
Fond du Lac County:
 Town of Alto
 Town of Metomen
 Town of Ripon
 Village of Brandon
 Village of Fairwater
 City of Ripon
Waushara County:
Waushara County except:
 Town of Plainfield
 Village of Plainfield
EIGHTY-SEVENTH ASSEMBLY DISTRICT
Adams County
Juneau County
Marquette County
Waushara County:
 Town of Plainfield
*656
 Village of Plainfield
EIGHTY-EIGHTH ASSEMBLY DISTRICT
Dodge County:
 Town of Ashippun
 Town of Brownsville
 Town of Herman
 Town of Hubbard
 Town of Lomira
 Town of Rubicon
 Town of Theresa
 Town of Williamstown
 Village of Iron Ridge
 Village of Kekoskee
 Village of Lomira
 Village of Neosho
 Village of Theresa
 City of Horicon
 City of Mayville
Fond du Lac County:
 Town of Ashford
 Town of Auburn
 Village of Campbellsport
Washington County:
 Town of Addison
 Town of Barton
 Town of Hartford
 Town of Kewaskum
 Town of Wayne
 Village of Kewaskum
 City of Hartford
EIGHTY-NINTH ASSEMBLY DISTRICT
Fond du Lac County:
 Town of Eden
 Town of Empire
 Town of Fond du Lac
 Town of Forest
 Village of Eden
 Village of North Fond du Lac
 City of Fond du Lac
NINETIETH ASSEMBLY DISTRICT
Fond du Lac County:
 Town of Byron
 Town of Eldorado
 Town of Friendship
 Town of Lamartine
 Town of Oakfield
 Town of Rosendale
 Town of Springvale
 Town of Waupun
 Village of Oakfield
 Village of Rosendale
Winnebago County:
 Town of Algoma
 Town of Black Wolf
 Town of Nekimi
 Town of Nepeuskun
 Town of Omro
 Town of Rushford
 Town of Utica
 City of Omro
 City of Oshkosh, Wards 35, 36, 38-40, 44,
 45
NINETY-FIRST ASSEMBLY DISTRICT
Richland County:
 Richland County except that portion
 within the thirty-ninth Assembly District
Sauk County:
 Sauk County except:
 Town of Greenfield
 Town of Merrimac
 Village of Merrimac
 City of Wisconsin Dells
 That portion within the thirty-eighth
 Assembly District
NINETY-SECOND ASSEMBLY DISTRICT
Columbia County
Dodge County:
 Town of Westford
 Village of Randolph
Sauk County:
 Town of Greenfield
 Town of Merrimac
 Village of Merrimac
 City of Wisconsin Dells
*657 NINETY-THIRD ASSEMBLY DISTRICT
Dane County:
 Town of Berry
 Town of Black Earth
 Town of Cross Plains
 Town of Dane
 Town of Mazomanie
 Town of Middleton
 Town of Roxbury
 Town of Springfield
 Town of Vermont
 Town of Vienna
 Town of Westport
 Village of Black Earth
 Village of Cross Plains
 Village of Dane
 Village of Maple Bluff
 Village of Mazomanie
 Village of Waunakee
 City of Madison, Wards 15-18
 City of Middleton, except Ward 5
NINETY-FOURTH ASSEMBLY DISTRICT
Dane County:
 Village of Shorewood Hills
 City of Madison, Wards 50-66
 City of Middleton, Ward 5
NINETY-FIFTH ASSEMBLY DISTRICT
Dane County:
 Town of Madison
 City of Madison, Wards 30-32, 34-42, 44-49
NINETY-SIXTH ASSEMBLY DISTRICT
Dane County:
 City of Madison, Wards 6, 7, 12, 19-29, 33,
 43
NINETY-SEVENTH ASSEMBLY DISTRICT
Dane County:
 Town of Blue Mounds
 Town of Dunn
 Town of Fitchburg
 Town of Montrose
 Town of Oregon
 Town of Perry
 Town of Primrose
 Town of Rutland
 Town of Springdale
 Town of Verona
 Village of Belleville (part)
 Village of Blue Mounds
 Village of Brooklyn (part)
 Village of Mount Horeb
 Village of Oregon
 City of Verona
Green County:
 Town of Brooklyn
 Town of Exeter
 Town of New Glarus
 Town of York
 Village of Belleville (part)
 Village of Brooklyn (part)
 Village of New Glarus
Rock County:
 Town of Union
 City of Evansville
NINETY-EIGHTH ASSEMBLY DISTRICT
Dane County:
 Town of Burke
 Town of Blooming Grove
 Village of McFarland
 City of Madison, Wards 1-5, 8-11, 13, 14
 City of Monona
 City of Sun Prairie, Wards 7, 8
NINETY-NINTH ASSEMBLY DISTRICT
Dane County:
 Town of Albion
 Town of Bristol
 Town of Christiana
 Town of Cottage Grove
 Town of Deerfield
 Town of Dunkirk
 Town of Medina
 Town of Pleasant Spring
 Town of Sun Prairie
 Town of Windsor
 Town of York
*658
 Village of Cambridge
 Village of Cottage Grove
 Village of Deerfield
 Village of DeForest
 Village of Marshall
 Village of Rockdale
 City of Stoughton
 City of Sun Prairie except Wards 7, 8
Jefferson County:
 Village of Cambridge (part)

ORDER
On page 17 of our reapportionment decision and order of June 9, 1982 we stated:
"We have tried to be as accurate as possible in drafting our plan. For the reasons stated above, and due to the enormity of the task, however, we recognize the possibility that arithmetic and/or inclusion-exclusion error could slip into the final product. For this reason we request that Dr. H. Rupert Theobald, Chief of the Wisconsin Legislative Reference Bureau, review our plan as soon as possible and advise us if any corrections are necessary."
Dr. Theobald and his staff at the Wisconsin Legislative Reference Bureau reviewed our plan as requested and on June 15, 1982 we received his corrections. His corrections, copied and attached to this decision as Exhibit A, with the exception of the changes regarding the City of Brookfield are adopted by the court and the order of June 9, 1982 is accordingly amended to reflect the changes.
Exhibit A advised us that on June 14, 1982, it was learned that the previously supplied ward population data for the City of Brookfield contained errors. Because our plan divided the city, the new data for Brookfield increased the population of our plan's Assembly District 30 by 653 from 47,530 to 48,183. The new data reduced the population of our plan's Assembly District 68 by 653 from 47,471 to 46,818.
As originally contemplated by the court, the deviations in Assembly Districts 30 and 68 were a very acceptable 0% and .12%. With the data changes, the districts become the highest and lowest in our plan and we deem their deviation to be unacceptable. Accordingly, we order the following changes:

AD 30 loses City of Brookfield ward 16 and gains the City's ward 17

AD 68 loses City of Brookfield ward 17 and gains the City's ward 16
As a result of this shift, the new figures for the districts are as follows:

AD 30 47,437 -94 -.20%
AD 68 47,564 +33 +.07%

The component lists for Assembly Districts 30 and 68 are amended to reflect this change, as are the Senate district figures for the districts that include AD 30 and AD 68. The changes do not affect the deviation range of the court's plan which remains at 1.74%.
In light of the foregoing, the following amendments to the plan are made:
1. The description of the Thirtieth Assembly District, found at page (e) of the components list, is amended to read:
THIRTIETH ASSEMBLY DISTRICT
Waukesha County:
Town of Brookfield
City of Brookfield, wards 7, 10-13, 17-20
City of New Berlin, except ward 21
2. The description of the Sixty-eighth Assembly District, found at page (s) of the components list, is amended to read:
SIXTY-EIGHTH ASSEMBLY DISTRICT
Milwaukee County:
City of Milwaukee, wards 296-298, 301, 302
City of Wauwatosa, wards 9 and 21
Waukesha County:
Village of Butler
Village of Elm Grove
Village of Menomonee Falls, wards 14, 18, 20
City of Brookfield, wards 1-6, 8, 9, 14-16, 21-24
3. The population statistics for Assembly Districts Thirty and Sixty-eight, found *659 at pages i and ii respectively, are amended to read:

Assembly Deviation from Norm
District Population People Percentage
 30 47,437 -94 -.20%
 68 47,564 +33 +.07%

4. The population statistics for Senate Districts 10 and 23, found at pages II. and III. respectively, should read:

 SD 10
 AD 28 47,616
 AD 29 47,796
 AD 30 47,437
 _______
 142,849 +258 +.18%
 SD 23
 AD 67 47,198
 AD 68 47,564
 AD 69 47,125
 _______
 142,004 -587 -.41%
(NOTE: The reference here is to Senate Districts
 10 and 23 as found in the
 Court's Reapportionment Plan of
 June 9, 1982. Because all Senate
 districts are renumbered later in this
 order, 10 will be changed to 28, and
 23 will be changed to 33.)

In addition to the changes announced above, several of the parties have moved that we adopt various changes in the numbering system used in our plan to designate Senate districts. The plaintiffs have also suggested that in one instance the grouping pattern of Assembly districts within a Senate district be changed. These matters were argued by the parties in court on June 15, 1982 and were taken under advisement.
On page 16 of our decision of June 9, 1982 with regard to incumbent residency we stated:
"In our order of April 23, 1982 we reviewed some of the options available to us, including the option of drafting our own plan and stated: `In judicially enacting any plan, incumbent residency will not be a consideration of this court.' We have been faithful to that pledge. At no time in the drafting of this plan did we consider where any incumbent legislator resides or whether our plan would inure to the political benefit of any one person or party.
"While our plan has been drafted without incumbency considerations, we were mindful of the fact that the fall elections only call for the election of Senators presently holding odd numbered Senate seats. Consequently, the residents of Wisconsin presently living in even numbered Senate districts will not be electing Senators under our plan until 1984. To minimize the number of people affected by our plan as it relates to Senate districts, we have tried, as much as possible consistent with the principle of one person, one vote, to use even numbers for the Senate districts in our plan that roughly correspond to areas assigned to even numbered districts in the 1972 act.
"Because all ninety-nine members of the state Assembly will be selected under this plan, we saw no reason to adhere to any numbering system for Assembly districts that related to the 1972 law."
The Democratic party leaders, intervenors Fred A. Risser and Ed G. Jackamonis, have argued in motion papers filed on June 15, 1982 that the court's plan contains serious constitutional flaws because it "... provides no vote and no representation in the Senate for 713,225 Wisconsin residents from January, 1983 until January, 1985." (Brief In Support Of Motion For Stay Pending Appeal, p. 2). While this change may have some emotional appeal, we believe it to be a house of cards that collapses when exposed to even the gentle breeze of cursory analysis. We believe the argument to be contrary to Wisconsin law (See: December 15, 1953 opinion of the Wisconsin Attorney General on the point) and contrary to common sense. The "serious errors," however, can be corrected, according to the motion papers, by simply assigning different numbers to five Senate districts.
In addition to the Democrats, other parties, particularly Governor Dreyfus, have suggested that the numbering system be changed. The changes are not urged to avoid error but rather to make our plan more consistent with the numbering system used in 1972. We believe the suggestions to have merit and because none of them go to the basic design or integrity of our plan we adopt them and order the following:

*660
SD 1 in the court's plan is renumbered SD 7
" 2 " " " " " " " 4
" 3 " " " " " " " 5
" 4 " " " " " " " 6
" 5 " " " " " " " 3
" 6 " " " " " " " 8
" 7 " " " " " " " 21
" 8 " " " " " " " 22
" 9 " " " " " " " 15
" 10 " " " " " " " 28
" 11 " " " " " " " 13
" 12 " " " " " " " 32
" 13 " " " " " " " 17
" 14 " " " " " " " 10
" 15 " " " " " " " 31
" 16 " " " " " " " 12
" 17 " " " " " " " 25
" 18 " " " " " " " 30
" 19 " " " " " " " 23
" 20 " " " " " " " 24
" 21 " " " " " " " 29
" 22 " " " " " " " 11
" 23 " " " " " " " 33
" 24 " " " " " " " 20
" 25 " " " " " " " 1
" 26 " " " " " " " 9
" 27 " " " " " " " 19
" 28 " " " " " " " 2
" 29 " " " " " " " 14
" 30 " " " " " " " 18
" 31 " " " " " " " 27
" 32 " " " " " " " 26
" 33 " " " " " " " 16

Consistent with these numerical changes, we believe it appropriate that changes be made in the components of four of the Senate districts as renumbered. Therefore, the following four changes are made:
1. Senate District 2 as renumbered by this order shall consist of Assembly Districts 54, 82, 83
2. Senate District 30 as renumbered by this order shall consist of Assembly Districts 52, 53, and 84.
3. Senate District 12 as renumbered by this order shall consist of Assembly Districts 46, 48, and 61
4. Senate District 29 as renumbered by this order shall consist of Assembly Districts 47, 62, and 63.
The changes in Senate Districts 2 and 30 as renumbered were suggested by the Democrats. The changes in Senate Districts 12 and 29 as renumbered were not suggested by anyone but appear to us to be consistent with the theory espoused by the Democrats and obviate the Republican suggestion that we issue an order allowing Senator Clifford Krueger to reside outside of his district.
We request that Dr. Theobald incorporate the changes ordered herein into his previously prepared analysis and submit an amended analysis to us as soon as possible.
SO ORDERED.

EXHIBIT A

APPARENT TECHNICAL ERRORS:
The review of the court's redistricting plan by the legislative reference bureau (LRB) was limited to an independent recompiling, from the text and maps supplied with the court's order, of the text describing each assembly district and the statistics of population for that district.
In making this review, 7 types of errors were encountered:
(1) OMISSIONS.
A.Dist.29 Assembly district 29 contains the town of Vernon in Waukesha county. The town surrounds the village of Big Bend. Inasmuch as both the court and the LRB established the identical district population number  47,796  the failure to list the village as one of the components of the district as shown on page "(e)" appears to have been an inadvertent omission.
A.Dist.41 Assembly district 41 contains the town of Cady in St. Croix county. The town surrounds that part of the village of Spring Valley which is located in St. Croix county (the remainder of the territory of the village of Spring Valley, including the entire population of that village, is located in Pierce county). The failure to list the St. Croix county part in the components of the assembly district as shown on page "(i)" does not affect the population total  47,818  for A.Dist.41.
(2) APPARENT ERRORS IN ADDITION. In two cases, the LRB was unable to find a reason why the numbers compiled by the LRB did not agree with those published by the court:
A.Dist.6 Court: 47,509; LRB: 47,533. Difference: 24.
*661 A.Dist.31 Court: 47,586; LRB: 47,587. Difference: 1.
(3) ADJUSTMENTS BASED ON CENSUS CHANGES. All other differences in population numbers appear attributable to the successive census corrections of November 16, 1981, and May 24, 1982:
A.Dist.1 No difference. The 5/24/82 shift of 24 persons was allocated to ward 271 of the city of Milwaukee and ward 1 of the city of St. Francis. Detailed census information will not be available until July.
A.Dist.64 Court: 47,657; LRB: 47,611. Difference: 46. See A.Dist.65.
A.Dist.65 Court: 47,471; LRB: 47,517. Difference: 46. The 5/24/82 census corrections contained a 46-person adjustment affecting the city and town of Waukesha. Inasmuch as A.Dist.64 contains the entire town of Waukesha, the adjustment was allocated to ward 26 of the city of Waukesha.
A.Dist.76 Court: 47,316; LRB: 47,327. Difference: 11. The 11/16/81 census corrections contained an 11-person adjustment affecting the town of Liberty and the village of Valders in Manitowoc county. The difference appears to have been attributable to that shift. However, while the court and LRB disagree on the A.Dist.76 population containing the town of Liberty, both agree on the population number for A.Dist. 7447,363  containing the village of Valders.
A.Dist.79 Court: 47,788; LRB: 47,681. Difference: 107. The 5/24/82 census corrections contained a 107-person reduction in the Outagamie county population of the city of Appleton and a 38-person increase in the population of the town of Grand Chute in that county. Since the entire town and a large part of the city are both in this assembly district, the Appleton reduction was allocated to ward 17. Census detail will not be available until July.
A.Dist.90 Court: 47,750  LRB: 47,779. Difference: 29. The 11/16/81 census corrections contained a 29-person increase in the population of the town of Algoma in Winnebago county.
(4) CITY OF BROOKFIELD.
A.Dists.30 and 68 As contained in the court's plan, the 2 assembly districts divide the city of Brookfield in Waukesha county. Based on the ward population data for that city then available, the court and LRB agree on the population totals for A.Dist.30 (47,530) and A.Dist.68 (47,471) and corresponding Senate Districts 10 and 23. On 6/14/82, LRB learned that the city of Brookfield ward population data contained errors. Using the newly-corrected population information, the population of A.Dist.30 is increased by 653 to 48,183, and the population of A.Dist.68 is reduced by 653 to 46,818.
(5) TERMINOLOGY.
A.Dists.34 and 35 The "wards" of the city of La Crosse used in the court's order appear to be the supervisory district wards used by the county. A different ward plan promulgated by the city is under litigation.
(6) MISLABELED MUNICIPALITIES.
A.Dist.21 Sturtevant, in Racine county, is a village (not a city); see page "(c)" of the court's order.
A.Dist.41 Knapp, in Dunn county, is a village (not a town); see page "(h)" of the court's order.
A.Dist.44 Augusta, in Eau Claire county, is a city (not a village); see page "(i)" of the court's order.
A.Dist.48 Gresham and Tigerton, in Shawano county, are villages (not cities); see page "(k)" of the court's order.
A.Dist.54 Bonduel, in Shawano county, is a village (not a town); see page "(n)" of the court's order.
A.Dist.63 Hatley, in Marathon county, is a village (not a town); see page "(r)" of the court's order.
A.Dist.69 Lannon, in Waukesha county, is a village (not a town); see page "(s)" of the court's order.
A.Dist.70 Grafton, in Ozaukee county, is a village (not a city); see page "(s)" of the court's order.
*662 A.Dist.72 The town and village of Fredonia are in Ozaukee county; (not Washington county); see page "(t)" of the court's order.
A.Dist.88 Brownsville, in Dodge county, is a village (not a town); see page "(y)" of the court's order.
(7) MAP CORRECTIONS.
A.Dist.83 The district, in the Brown county/Outagamie county area, was not shown on either map panel "M2a" or "M2b" of the court's order.
Senate District 10, as shown on map panel "M3b", failed to include the western part of the city of Oak Creek which is correctly shown as a part of A.Dist.28 on map panel "M16".
NOTES
[1] For example, the hastily conceived plan (LRB-5659/1 as amended by LRBa5675/1 and LRBa5674/1) has an assembly deviation range of 6.02%, a rate that may very well be constitutionally unacceptable, as the deviations do not appear to be the result of efforts to adhere to a state policy directed toward maintaining the integrity of political subdivisions. See Mahan v. Howell, 410 U.S. 315, 93 S.Ct. 979, 35 L.Ed.2d 320 (1973).
[2] The Constitution also requires adherence to precinct lines, but Wisconsin no longer has precincts.
[3] The data compilations have not been challenged and are, for that reason, accepted as true.
[4] The remaining city of Milwaukee split districts are number 6, with 25,142 city residents to 22,367 non-city, and number 68, where 9,664 city residents join residents of Waukesha County in forming a district.
[5] We wish to note that two of our law clerks, Thomas R. Streifender, Case-Western Reserve University, A.B., 1970; Marquette University Law School, J.D., 1980; and William F. Brown, University of Wisconsin, B.A., 1977; Harvard University Law School, J.D., 1980, have worked closely with us on this project, and that their contributions to our efforts have been considerable.
[6] On March 23, 1981, the state's population was certified as 4,705,335. That figure was changed on November 16, 1981 to 4,705,767. The May 24, 1982 correction changed the population to the figure used in our plan, 4,705,521.
[7] In a letter dated May 13, 1982, Judge Evans asked counsel for the Republican and Democratic parties to authorize Dr. Theobald to provide the court with technical assistance if it so desired. On May 17, 1982, Judge Evans received a letter signed by Assembly Speaker Ed Jackamonis, Senate President Fred Risser and minority party leaders State Representative Tommy Thompson and Senator Walter Chilsen granting the request. The letter from the party leaders, however, stated that Dr. Theobald and his staff, who are dependent on the legislature for such things as pay and budget, recognized that no plan could please every member of the legislature, and that they wished that steps be taken to avoid the appearance that they in any way influenced the courts' decision. To avoid any appearance of influence, the party leaders suggested that a written record be made of any contacts between the court and the Bureau. Because we believed that working with this condition would not be in the courts' interest, we declined to call upon Dr. Theobald or his staff for any technical assistance although the court did call the Bureau approximately eight times to obtain additional maps and census data or to verify conflicting statistical data.